**UNITED STATES FIDELITY & GUARANTY CO. v. SALSER et al.　(No. 9730.)**

(Court of Civil Appeals of Texas.　Galveston.
June 17, 1920.　Rehearing Denied
Oct. 7, 1920.)

**Master and servant** ⟨=393—**Compensation does not descend to heirs.**

Under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 to 5246—91), particularly in view of section 8, the heirs of a deceased employé previously awarded compensation for 100 weeks for injuries have no right to such compensation on the death of the employé not due to the injuries, before the term of compensation had expired.

Appeal from District Court, Trinity County; Ben H. Powell, Judge.

Suit by the United States Fidelity & Guaranty Company against Mrs. Nancy Salser and others, heirs at law of Oscar Salser, deceased, to set aside order and decree of the State Industrial Board awarding them an unpaid balance of compensation previously awarded decedent for injury in employment by the Trinity Lumber Company. From decree for defendants, plaintiff appeals. Reversed and rendered.

Hunt & Teagle, of Houston, for appellant.
Hayne Nelms and J. A. Platt, both of Groveton, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against the appellees, heirs at law of Oscar Salser, deceased, to set aside an order and decree of the State Industrial Accident Board awarding to appellees the unpaid balance of compensation which had been theretofore awarded the deceased, Oscar Salser, for an injury received by him in the course of his employment by the Trinity Lumber Company; the appellant having been the insurer of said company under the provisions of the Texas Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91).

The evidence shows that the deceased, Oscar Salser, was an employé of the Trinity Lumber Company, and in the course of his employment received an injury which caused the loss of one of his eyes. The appellant was the insurer of said lumber company under the provisions of the Texas Workmen's Compensation Act, and as such insurer was liable to the deceased for the compensation due him under said act for his said injury. In recognition of this liability appellant entered into an agreement with the deceased to pay him $8.65 per week for 100 weeks beginning on October 8, 1917, which agreement was filed with and approved by the State Industrial Accident Board. The appellant complied with this agreement and made said weekly payments until the death of said Oscar Salser, which occurred on February 23, 1918, since which time it has refused to make any further payments.

The death of Oscar Salser was not the result of the injury received by him in the course of his employment, but was caused by disease contracted some time after the injury was received.

On April 7, 1919, the Industrial Accident Board, acting upon the claim and application of appellees, the mother, brother, and sisters of Oscar Salser, ordered and decreed that appellant pay to appellees the unpaid balance of the compensation theretofore awarded to said Oscar Salser.

The appellee, Mrs. Nancy Salser was dependent upon her son Oscar for support at the time of his death, and is now without means of support.

The trial in the court below without a jury resulted in a judgment in favor of appellees for the unpaid balance of the compensation awarded Oscar Salser and now claimed by the appellees, amounting to the sum of $683.35, one-half of said sum being adjudged to the mother, and the remaining one-half to the brother and sisters. It was further adjudged that said sum be paid by appellant in weekly installments of $8.65 in accordance with the award made by the Industrial Accident Board, and that appellees recover of appellant said weekly installments from February 23, 1918, up to the date of said judgment, with 6 per cent. interest thereon from dates said installments became due.

Under appropriate assignments of error appellant assails the judgment on the ground that the right of Oscar Salser to the compensation for his injury awarded him by the Industrial Accident Board under the provisions of the Texas Workmen's Compensation Act did not upon his death descend and vest in his heirs, but terminated with his death, and appellees are not entitled to recover the unpaid balance of such awarded compensation.

While the question presented is not wholly free from doubt, we have reached the conclusion that appellant's contention should be sustained.

The clearly expressed intention of the Legislature in the passage of our Workmen's Compensation Act was to provide compensation to employés for injuries received by them in the course of their employment and to dependents of employés who should die as the result of injuries so received. There is nothing in the act which preserves in an heir of an employé the right to compensation due the employé for injuries received by him, and the beneficiaries named in the act are only given the right to compensation when the employé dies as a result of his injuries. The only right given by the act to heirs or beneficiaries

---

⟨=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of an injured employé is given by section 8, which reads as follows:

"If death should result from the injury, the association hereinafter created shall pay the legal beneficiaries of the deceased employé a weekly payment equal to 60 per cent. of his average weekly wages," etc. Acts 35th Legislature, p. 273.

The compensation provided for the injured employé is for his benefit and protection, and if the employé dies before receiving any of such compensation, his death not being caused by the injury, no right thereto survives to his heirs. The agreement of appellant to pay the compensation awarded Oscar Salser by the Industrial Accident Board in accordance with the terms of said award did not change the nature of the right to the compensation, and appellees' claim is not founded upon a vested contract right of their decedent, but their cause of action is dependent upon whether the statute which provides compensation for an injured employé gives to the employé a vested right which would pass by will or inheritance. We do not think the statute should be so construed. Re Murphy, 224 Mass. 592, 113 N. E. 283; Re Bartoni, 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E, 765.

In the Murphy Case, supra, the Supreme Court of Massachusetts, in passing upon the question of whether an award made under the Compensation Act of that state to a dependent of an employé who died as the result of injuries received in the course of his employment, says:

"To hold that dependent's right to compensation is a vested right, which passes to a legatee by will and in case of intestacy goes to the dependent's next of kin, would be to put upon the insurer a burden not called for by the object which the act was passed to attain. In addition, the compensation awarded the dependent would go in that case to persons altogether outside the class contemplated by the act. So construed, the act would or might enrich strangers in place of doing justice to the family and next of kin of an employé killed in the course of and so as an incident to the business in which he was employed."

In the Bartoni Case, supra, the Supreme Court of that state said:

"The right to the weekly award was not vested absolutely in the widow; but continued only during her life. The right to compensation on her account ceased with her death."

In our opinion it would do violence to the purpose of our act, and place a burden upon the insurer not intended by the act, to hold that the right to the compensation therein provided for the benefit of the injured employé upon the death of the employé passes to heirs regardless of whether his death was caused by his injury and regardless of whether the heirs are dependents of the deceased, and unless our act be so construed appellees' claim in this suit cannot be sustained.

It follows from these conclusions that the judgment of the court below should be reversed, and judgment here rendered for appellant; and it has been so ordered.

Reversed and rendered.