**TEXAS EMPLOYERS' INS. ASS'N v. MORGAN et al. (No. 396.) ***

(Court of Civil Appeals of Texas. Waco. Oct. 14, 1926. Rehearing Denied Dec. 23, 1926.)

1. **Master and servant** ⬅️386(1)—**Workmen's Compensation Law creates distinct causes of action for disability and death benefits (Rev. St. 1925, art. 8306, §§ 8, 8a, 10–12).**

Workmen's Compensation Law creates cause of action, personal to injured employé, who alone may sue or compromise, for total or partial disability (Rev. St. 1925, art. 8306, §§ 10–12), and a distinct cause of action, which may arise in same case, in favor of his beneficiaries, for loss caused by his death from injuries sustained (article 8306, §§ 8, 8a).

2. **Master and servant** ⬅️388—**Compensation for employé's death is not part of estate, but is exclusive property of beneficiaries (Workmen's Compensation Law [Rev. St. 1925, art. 8306, §§ 8, 8a]).**

Compensation of employé's dependents, under Workmen's Compensation Law (Rev. St. 1925, art. 8306, §§ 8, 8a), for loss caused by his death from injuries sustained, never becomes part of his estate, and is not liable for his debts, but is exclusive property of his beneficiaries.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 2, 1927.

**3. Master and servant ⬤⟶382.—Release by injured employé held not to bar claim for death benefits (Rev. St. 1925, art. 8306, §§ 8–12).**

Release of claims by injured employé *held* applicable only to his personal cause of action for compensation for total or partial incapacitation, under Rev. St. 1925, art. 8306, §§ 10–12, and not a bar to his beneficiaries' cause of action for loss caused by his death from injuries sustained, in view of article 8306, §§ 8–9.

**4. Master and servant ⬤⟶417(9)—Judgment held authorized by findings showing employé's death resulted from injuries (Employers' Liability Act).**

Judgment, in suit for compensation under Employers' Liability Act (Rev. St. 1925, art. 8306 et seq.), for employé's death, *held* authorized by findings showing that death was result of injuries sustained.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by Mildred Morgan, for herself and for the use and benefit of Blanche Morgan, a minor, against the Texas Employers' Insurance Association, to recover compensation under the Texas Employers' Liability Act for the death of C. J. Morgan, an employé of McDonald Bros. Judgment for plaintiffs, and defendant appeals. Affirmed.

Callicutt & Upchurch and J. S. Simkins, all of Corsicana, for appellant.

Jester & George, of Corsicana, and G. G. McBride, of Borger, for appellees.

STANFORD, J. Suit by Mildred Morgan, surviving wife of C. J. Morgan, deceased, for herself and for the use and benefit of Blanche Morgan, the minor child of herself and deceased husband, against the Texas Employers' Insurance Association, to recover compensation for the death of the deceased husband and father under the provisions of the Texas Employers' Liability Act. The case was tried before the court without the intervention of a jury, and judgment rendered for appellees. The court filed the following findings of fact and conclusions of law:

"Findings of Fact.

"(1) The court finds from the evidence in this case that C. J. Morgan was employed in Navarro county, Texas, by McDonald Bros., who were engaged in the drilling of an oil well, and who employed more than three people at the time, and that the said McDonald Bros. had an insurance policy covering accidents as prescribed by the laws of Texas, with the defendant company, and that a boiler blew up on September 5, 1923, and severely injured and scalded C. J. Morgan. That the said C. J. Morgan died on September 6, 1924, and left surviving him his wife, Mildred Morgan, and one child, a minor, who are the plaintiffs in this case. That the injuries received by C. J. Morgan were in the due course of his employment.

"(2) The court finds that the said C. J. Mor-

gan was severely injured at the time of the accident mentioned; that he was cut on the head and leg, and had considerable foreign substance, such as steel and dirt, blown into his body; and that from 42 to 45 per cent. of said Morgan's body was burned and scalded as a result of said explosion, said burns varying from first degree to third degree burns. Said Morgan was treated in the hospital at Corsicana, Texas, and remained in said hospital for a period of approximately two months before being discharged from same, and that during the time of his confinement therein his kidneys became involved as a result of said burns, and his heart became involved as a result of said burns, and said Morgan, in addition to his injuries, contracted a case of pneumonia, but that his burns and general health recovered to the extent that he was able to leave said hospital after a period of two months' confinement. That at the time he left the hospital his kidneys and heart had become normal, and most of his burns had healed.

"(3) The court finds that in the early spring of 1924 the said C. J. Morgan was operated on at Dallas, Texas, at the instance and request of the defendant company, for said injuries received by him, he having been unable to use his arm as a result of said burns, and certain skin graftings were made on the burns received by him; that said Morgan, at the time he was operated on in Dallas, had normal kidneys and heart in all respects; that he was confined in the hospital in Dallas for more than a month, and finally discharged therefrom.

"(4) The court finds that said C. J. Morgan never recovered from the injuries received by him in said accident, and that he was at all times in a very much weakened and emaciated condition as a result of said injuries, and that he was never able to do a single day's work from the date of his injuries until the date of his death.

"(5) The court finds that the said C. J. Morgan became seriously ill about August 6, 1924, and died on September 6, 1924; that at the time he became sick, and all the time previously thereto, he was in a highly nervous state and general weakened condition as a result of the injuries received by him, and that during the period of his illness he had fever for a large portion of the time, but that at times his fever would leave him and his temperature would be subnormal; that his fever finally left him on Monday, and that he died on the following Saturday, very suddenly and unexpectedly, he during this entire time having been confined to his bed.

"(6) The court finds that, while said Morgan's last sickness was some character of fever, yet, on account of his general weakened condition as a result of said injuries, that said injuries were the proximate cause of his death, and that, had it not been for said injuries, the death of the said C. J. Morgan would not have resulted.

"(7) The court finds that previous to the death of said Morgan the defendant company had paid him the sum of $720 in weekly installments, and that on or about June 24, 1924, after said last operation, the defendant company made a lump sum settlement with said Morgan of all claims held by him against said company for the sum of $450, making a total of $1,170 paid by defendant company to said Morgan.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(8) The court finds that there was no fraud in said lump sum settlement, as alleged by plaintiffs.

"(9) The court finds that said Morgan, at the time said settlement was made, had sufficient mentality to understand the nature of the contract he was entering into, and that he did understand the nature of the contract entered into.

"(10) This court finds that said C. J. Morgan at the time of his injury, was receiving a daily wage of $6 per day, or a weekly wage of $36 per week.

### "Conclusions of Law.

"(1) The court concludes as a matter of law that, as the injuries received by said Morgan were the direct and proximate cause of his death, the plaintiffs are entitled to recover in this case the sum of $20 per week for a total of 360 weeks, less the sum of $1,170 heretofore paid by the defendant company to said Morgan prior to his death.

"(2) The court concludes as a matter of law that the lump sum settlement entered into between said Morgan and the defendant company will not bar a recovery by the plaintiffs in this case for the death of said Morgan, which resulted from said injuries; that said settlement as to the said C. J. Morgan only applied to the amount that he could recover during his lifetime, and that the plaintiffs' cause of action did not accrue until the death of the said C. J. Morgan.

"(3) The court concludes as a matter of law that the plaintiffs are not entitled to a lump sum settlement, under the evidence in this case.

"(4) Judgment is here rendered for the plaintiff, Mildred Morgan, and her minor child, in this sum of $6,030, to be divided one-half in favor of the plaintiff, Mildred Morgan, and the remaining one-half to her minor child, and for costs of suit.

"(5) The court further finds that G. C. McBride, under his contract with the plaintiffs, is entitled to receive one-third of the amount recovered from both plaintiffs, and the same is here allowed."

Appellant's appeal is predicated upon two points or propositions, the first being, in substance, that as C. J. Morgan, the deceased, on or about June 24, 1924, made a settlement of all claims held by him against appellant for $450, and said settlement was approved by the Industrial Accident Board, and said amount was paid to and accepted by the said deceased, and release duly executed, and there was no fraud in such settlement, and C. J. Morgan had sufficient mentality to fully understand the nature of said settlement, the trial court erred in holding that said settlement could apply only to the amount that C. J. Morgan could have recovered, had he lived, and that such settlement did not bar the appellees' right to recover the amount due them under the provisions of the Workmen's Compensation Act accruing to them by reason of his death.

Section 10 of article 8306, Revised Civil Statutes of 1925, provides the compensation that shall be paid an injured employé while totally incapacitated. Section 11 of said article provides the compensation that shall be paid an injured employé while partially incapacitated: Section 12 of said article provides the compensation that shall be paid the injured employé for certain specific injuries, such as the loss of an eye, foot, etc. Section 8 of said article provides:

"If death should result from the injury, the Association hereinafter created shall pay the legal beneficiaries of the deceased employé a weekly payment equal to sixty per cent. of his average weekly wages, but not more than $20 nor less than $7 per week, for a period of three hundred and sixty weeks from the date of the injury."

Section 8a of said article provides:

"The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving * * * wife * * * and the minor children, * * * and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this state; * * * and the said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this state," etc.

[1] The exact question involved here, it seems, has not been passed upon by our appellate courts. The compensation due a beneficiary under our workmen's compensation statutes, by reason of the death of an employé resulting from injuries received while protected by said statutes, has repeatedly been held to be neither the community nor separate property of the deceased. McDonald et al. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 267 S. W. 1074; Texas Employers' Insurance Ass'n v. Boudreaux (Tex. Com. App.) 231 S. W. 756. The clearly expressed intention of the Legislature in the passage of our Workmen's Compensation Act was to provide compensation to employés for injuries received by them in the course of their employment resulting in total or partial disability, as provided in article 8306, §§ 10, 11, and 12, Revised Statutes 1925, and to provide compensation to certain beneficiaries designated by the statutes in case of the death of such employés as the result of injuries so received, as prescribed in article 8306, §§ 8 and 8a, of said statute. The contract of indemnity is really a contract of insurance. Its terms are fixed by the provisions of the workmen's compensation statutes. Said statutes, in effect, constitute the employé the sole beneficiary for total or partial disability resulting from injuries, but which injuries do not result in death, and the cause of action for compensation for said total or partial disability arising

from injuries not resulting in death is personal to the injured employé. He alone has the right to prosecute a suit for same, or to compromise same, with the approval of the Industrial Accident Board.

But it is equally true that, if such injuries result in the death of the employé, then the insurer is obligated to pay the legal beneficiaries of the deceased employé, the surviving wife and minor child in this case, the compensation as provided in section 8 of article 8306, and section 8a of said article; that said compensation shall be for the sole and exclusive benefit of said beneficiaries, and that the same shall not be liable for the debts of the deceased nor the debts of the beneficiaries; and that such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries, etc. The Workmen's Compensation Law creates in favor of the injured employé a cause of action for total or partial disability, where death does not result, to reimburse him for the loss of time, and a cause of action in favor of his beneficiaries, where the injuries result in his death, to repair the loss occasioned by the death of the employé upon whom the beneficiary was dependent. These two causes of action may arise in the same case, as here, where the injured employé was totally disabled by reason of his injuries for more than a year, and finally died as a result of his injuries. The cause of action for his disability was personal to himself—was his. He had the right, with the approval of the board, to settle same, and this was all he did undertake to settle.

[2] The cause of action in favor of his beneficiaries did not come into existence until his death occurred. Neither the deceased during his life, nor his estate after his death, ever at any time had any interest in the cause of action that arose in favor of his beneficiaries upon his death. As said by the Court of Civil Appeals in McDonald et al. v. Texas Employers' Insurance Ass'n, 267 S. W. 1074, writ of error refused by Supreme Court:

"The Workmen's Compensation Law creates in favor of the beneficiary a distinct cause of action for compensation to repair the loss occasioned by the death of the employé upon whom the beneficiary was dependent. This compensation never becomes a part of the estate of the deceased, and is not liable for his debts, but is the exclusive property of the beneficiary."

[3] The learned trial court, we think, was correct in holding that the release executed by the deceased applied only to his cause of action, and in no way affected the cause of action in favor of appellees. As bearing upon the question here involved, but not expressly deciding it, see article 8306, §§ 8, 8a, 8b, 9, Revised Statutes 1925; Texas Employers' Ins. Ass'n v. Boudreaux et al. (Tex. Com. App.) 231 S. W. 756; McDonald et al. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 267

S. W. 1074; Moore et al. v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 241 S. W. 1105; United States Fidelity & Guaranty Co. v. Salser et al. (Tex. Civ. App.) 224 S. W. 557. The exact question here involved was decided in the following cases under statutes very similar to ours, and said decisions approved by the following standard text-writers: Milwaukee Coke & Gas Co. v. Industrial Commission et al., 160 Wis. 247, 151 N. W. 245. See Workmen's Compensation Acts, Corpus Juris, p. 55, § 47C. In 28 R. C. L. p. 783, par. 76, the following statement of the law is announced:

"The right of the dependent to compensation does not accrue until the death of the workman. It is created by the statute expressly for the dependent's benefit, and it can be modified or extinguished only by the act of the dependent, or by some one authorized to act in his or her behalf. The right is not subject to restriction or extinguishment by any act of the employé during his lifetime. The dependent's claim, it has been held, is so far independent of the employé's right to compensation for injuries that a release executed by the employé after receiving an injury does not bar the claim of a dependent for compensation for his subsequent death therefrom. Again, it appears that under all of the Acts, the dependent is entitled to compensation notwithstanding the fact that the workman may have been receiving the statutory allowance during his lifetime, intermediate the time of the injury and the date of death ensuing therefrom. The amount of the award to the dependent, however, is affected under the provisions of some of the statutes, and the employer is to be credited with sums which he may have paid to the workman himself,"

We fully approve the above statement of the law as sound and a correct interpretation of our workmen's compensation statutes on the question involved. See, also, Cripp's Case, 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B, 828; note L. R. A. 1916A, 135. We overrule appellant's assignments raising the question here presented.

[4] Under appellant's point No. 2, it contends, in effect, that the findings of fact by the trial court did not authorize the judgment rendered, in that said findings did not show that Morgan's death was the result of his injuries. In the judgment rendered the court found as follows:

"(e) That the death of C. J. Morgan was the direct and proximate result of the injuries received by him on September 5, 1923, and of which injury he died on September 6, 1924."

In addition to the above finding, incorporated in the judgment, to which no objection is made by appellant, in the findings of fact copied above the court found:

"That said injuries were the proximate cause of Morgan's death, and that had it not been for said injuries the death of the said C. J. Morgan would not have resulted."

In his conclusions of law the court found:

"The court concludes as a matter of law that, as the injuries received by said Morgan were the direct and proximate cause of his death, the plaintiffs are entitled to recover in this case the sum of $20 per week for a total of 360 weeks, less the sum of $1,170 heretofore paid by the defendant company to said Morgan prior to his death."

We have examined the evidence, and, without undertaking to set out the evidence, will say we think the above finding of the trial court to the effect that the death of C. J. Morgan resulted from the injury received by him on September 5, 1923, is amply supported by the evidence.

We overrule appellant's assignments, made the basis of its second point, and affirm the judgment of the trial court.