## SOUTHERN SURETY CO. v. MORRIS.
### (No. 8265.)

Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1929.

Rehearing Overruled Jan. 8, 1930.

Hertzberg & Kercheville, of San Antonio, for appellant.

Samuel Belden, Randolph L. Carter, and Carter & Lewis, all of San Antonio, for appellee.

COBBS, J. Appellee sued appellant to recover the balance of an award made to her husband, O. E. Morris, during his lifetime, for an injury to his right eye, which resulted in the total loss of sight therein. Before any award was made by the Industrial Accident Board to the injured employee, said employee died from other causes not connected with the injury.

The case was tried upon the following statement of facts, to wit:

"The parties to this suit agree to the following facts:

"On or about October 12, 1927, O. E. Morris was in the employ of the Kroeger-Brooks Construction Company in San Antonio, Texas, and upon said date, while acting in the course of his employment in San Antonio, Texas, he sustained an injury to his right eye which resulted in the total and permanent loss of the sight of said right eye. Said employer was a subscriber under the Employers' Liability Act and the plaintiff, Southern Surety Company, had issued a compensation policy to said employer under the terms of the Compensation Act, said policy being in force and effect at the time of said injury. The average weekly wage of O. E. Morris was $57.69 per week. Notice of said injury and claim for compensation were duly filed as required by the Compensation Act, but before the Industrial Accident Board rendered its decision the said O. E. Morris died, the death of said O. E. Morris occurring February 21, 1928, and being from natural causes and not being the result of or caused by said injury to his eye. His widow, Mrs. O. E. Morris, was made a party to said proceedings, she being his sole heir and there being no administration nor any need for administration, and thereafter, on April 11, 1928, the Industrial Accident Board duly rendered its judgment and decision, awarding compensation for 100 weeks at the rate of $20.00 per week, a copy of the award of said Board being attached hereto as Exhibit 'A'.

"Thereafter the plaintiff, Southern Surety Company, duly filed, within the time allowed by law, notice of its intention to appeal to the Courts and its unwillingness to abide by the award of the board, and thereafter, on April 28, 1928, within the time allowed by law, the Southern Surety Company duly filed this suit to appeal from and to set aside the award of the Board, and all necessary steps and legal requirements, as provided by the Compensation Act, having duly been complied with so as to give the Court full jurisdiction of this case. That O. E. Morris continued to work as usual after the said injury, and received his usual wages up to date of his death from the same employer. No compensation was ever paid by the plaintiff, Southern Surety Company to either Mr. or Mrs. Morris, the plaintiff contending that the payment of wages made compensation payments unnecessary. The defendant contends to the contrary.

"It is the intention of the parties to this agreement to agree to certain facts necessary to the disposition of this case, the question in dispute being as follows: The plaintiff, Southern Surety Company, contends that the death of O. E. Morris, from causes not resulting from said injury, terminated its liability to pay compensation to the heirs of deceased, which had not then accrued, and the defendant, Mrs. O. E. Morris, contending to the contrary."

This case was tried on said agreed statement of facts, and judgment was rendered on February 28, 1929, in favor of Mrs. O. E. Morris for compensation for 100 weeks at $20 per week.

The question now presented is: Is the widow of the deceased employee entitled to recover that portion of the claim due by reason of the facts? The part of the judgment relevant to this discussion is:

"Inasmuch as 72 weeks have already elapsed since the injury, the compensation for said 72 weeks, with 6% interest, is now due and payable, and the compensation for the remaining 28 weeks should be paid weekly as it accrues in the future.

"It is therefore ordered, adjudged and decreed by the Court that the defendant, Mrs. O. E. Morris, do have and recover of and from the plaintiff, Southern Surety Company, the sum of $1,497.60 cash, together with 6% interest thereon from this 28th day of February, 1929, until paid; and that, in addition to the foregoing, the defendant, Mrs. O. E. Morris, do also recover from the plaintiff the sum of $20.00 per week for 28 weeks, the first of said weekly instalments falling due on March 6, 1929, and one every week thereafter until 28 instalments have been paid, together with interest at the rate of 6% per annum from the due date of each instalment until the payment thereof. It is also ordered that the defendant recover from the plaintiff all costs in this behalf expended, for all of which let execution issue."

As said in Southern Casualty Co. v. Morgan (Tex. Com. App.) 12 S.W.(2d) 200, 201: "The Workmen's Compensation Law consists in agreement (a) of the employer, (b) the employee, and (c) the insurer. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556. * * * A proceeding for compensation, brought against an insurer in respect to a policy issued to a subscriber duly authorized by the statute, is at bottom and in essence a suit upon a contract."

The many cases presented in the briefs, when accessible, have been carefully examined, and they confirm us in our belief and conviction that the judgment of the trial court

is wrong. We follow the opinion of Judge Pleasants in United States Fidelity & Guaranty Co. v. Salser (Tex. Civ. App.) 224 S. W. 557, which is directly in point and is supported by good authority, and properly construes our statute.

This leads to a reversal of the judgment, and it is ordered that Mrs. Morris take nothing by her suit.

Reversed and rendered.