**Mrs. O. E. MORRIS, Plaintiff In Error, v. SOUTHERN SURETY COMPANY, Defendant in Error.**

**No. 1213—5650.**

Commission of Appeals of Texas, Section B.

June 25, 1930.

Perry J. Lewis, H. C. Carter, Champe G. Carter, Randolph L. Carter, and Samuel Belden, all of San Antonio, for plaintiff in error.

Hertzberg & Kercheville, of San Antonio, for defendant in error.

SHORT, P. J.

This is a suit for compensation for a specific injury (the loss of an eye) under the

Workmen's Compensation Act. It was tried upon an agreed statement of facts which show that O. E. Morris, the husband of the plaintiff in error, sustained an injury on October 12, 1927, while working in the course of his employment, whereby he suffered the total and permanent loss of the sight of his right eye; that notice of injury and claim for compensation was duly filed by him before the Industrial Accident Board; that he continued working until February 21, 1928, at which time he died from natural causes not relating to the injury to his eye; that his widow and legal representative, the plaintiff in error, was made a party to the proceedings, and the Industrial Accident Board rendered an award in her favor for the specific compensation allowed for the loss of an eye, under the facts amounting to $20 per week for 100 weeks. The defendant in error, being unwilling to abide by the award, in due time filed its suit in one of the district courts of Bexar county, and, upon a trial there, the plaintiff in error recovered a judgment from the defendant in error for the sum of $1,497.-60 with 6 per cent. interest thereon from the 28th day of February, 1929, and, in addition, the sum of $20 per week for 28 weeks beginning on March 6, 1929, one installment every week thereafter until 28 have been paid, with interest at the rate of 6 per cent. from the due date of each installment, until payment thereof. From this judgment the defendant in error appealed to the Court of Civil Appeals at San Antonio, where the judgment of the district court was reversed and a judgment rendered in favor of the defendant in error for all costs against the plaintiff in error. 22 S.W.(2d) 1098.

In the view we have taken of this case the only question involved is whether the right to compensation for a specific injury survived to the estate of the injured employee, under the agreed facts. This exact question, under a state of facts very similar, is involved in the case of Federal Surety Co. v. Alice Pitts et al., pending in the Court of Civil Appeals of the First District at Galveston, which court, in the case of U. S. F. & G. Co. v. Salser, 224 S. W. 557, reached the conclusion that such right does not survive. In view of its opinion in the Salser Case, and also of the opinion in Moore v. Lumbermen's Reciprocal Association (Tex. Com. App.) 258 S. W. 1051, wherein a somewhat similar question was involved, that court certified the question to the Supreme Court, which we have recently answered, 29 S.W.(2d) 1046, and in which we reached the conclusion, after rather an extended discussion of the question, that the right does survive. We do not think it necessary to write at length upon the question in this case, preferring to adopt as our opinion the conclusion we reached in the Pitts Case, from which it follows that the Court of Civil Appeals erred in the conclusion it reached.

However, it becomes necessary to reform the judgment rendered by the district court, in view of the fact that it appears that the plaintiff in error is entitled, at this time, to a judgment for the full amount of the recovery, as the time for the payment of the compensation for the 28 weeks mentioned in the judgment of the district court has now elapsed, and each of the several installments has matured.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be so modified as to give the plaintiff in error a judgment, in addition to the sum of $1,497.60 with 6 per cent. interest thereon from the 28th day of February, 1929, for the further sum of $570.50, being the accrued amount under the judgment of the district court up to the present time, with interest thereon from the date of the rendition of this judgment at the rate of 6 per cent. per annum and all costs of the suit, and, as so modified, that the judgment of the district court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is reformed, and as reformed is affirmed.