## TRADERS' & GENERAL INS. CO. v. BALDWIN et al.

### No. 2231.

Court of Civil Appeals of Texas. Beaumont. June 7, 1932.

Rehearing Denied June 8, 1932.

W. T. Davis, of San Augustine, and Lightfoot, Robertson & Scurlock, of Fort Worth, for appellant.

J. J. Collins, of Lufkin, and Bogard & Anderson, of San Augustine, for appellees.

WALKER, J.

E. E. Baldwin died on the 13th of January, 1931. At the time of his death this suit was pending on the docket of the district court of San Augustine county, filed by him against appellant, Traders' & General Insurance Company, to set aside an adverse award of the Industrial Accident Board wherein he was employee and Kurth-Ziegler Lumber Company of Veach, San Augustine county, was employer, and appellant the insurer. By his petition he alleged that, while in the course of his employment on or about the 24th day of January, 1930, he sustained personal injuries, resulting in his permanent total disability; that his claim was regularly adjudicated by the Industrial Accident Board, from which order he prosecuted his appeal to the district court of San Augustine county. No point is made that the district court did not have jurisdiction of the suit, as filed by Baldwin. Prior to the death of E. E. Baldwin, appellant answered his petition by pleas of general demurrer and general denial. After his death, his surviving widow, Mrs. Margaret Baldwin, his two adult sons, Elmer and Nathan A. Baldwin, and his minor sons, George, Earl and Eugene Baldwin, made themselves parties plaintiff, "as the sole and exclusive heirs and legal beneficiaries of E. E. Baldwin, deceased." By second amended original pe-

864

tition, upon which the case was tried, they alleged only the jurisdictional facts pleaded originally by E. E. Baldwin and the facts of his injury and death and their relationship to the deceased. The amended petition contained no allegation to the effect that plaintiffs, as the legal beneficiaries of E. E. Baldwin, deceased, filed any claim with the Industrial Accident Board within six months after his death or that the board ever acted upon a claim filed by the plaintiffs as legal beneficiaries of E. E. Baldwin, deceased. The answer of appellant was sufficient to support its assignments of error and pertinent propositions.

By its verdict the jury found that: (a) E. E. Baldwin received a personal injury on or about the 24th day of January, 1930, in the course of his employment with Kurth-Ziegler Lumber Company, (b) which was the proximate cause of his death, and (c) that manifest hardship and injustice would result if plaintiffs were denied a lump sum settlement. Also the jury found against appellant upon certain affirmative issues not before us for review. Upon the verdict of the jury and certain agreements made by the parties for the purpose of the trial, judgment was entered against appellant in favor of Margaret Baldwin and the three minor sons for compensation at the rate of $14.85 per week for a period of 360 weeks from January 24, 1930, payable in a lump sum, with a discount of 6 per cent.; the total award being $4,734.71. On the ground that they were not legal beneficiaries of E. E. Baldwin, judgment was entered against plaintiffs Elmer and Nathan A. Baldwin, the adult sons of deceased, that they take nothing by reason of their claim as plaintiffs. From the judgment, as entered, appellant duly prosecuted its appeal to this court, but Elmer and Nathan A. Baldwin have not prosecuted an appeal from the judgment against them.

The facts are sufficient to sustain the verdict of the jury. The following is a copy of the award of the Industrial Accident Board denying E. E. Baldwin compensation:

"E. E. Baldwin, Employee vs Kurth-Zeagler Lumber Company, Employer
"P—15860

"On this 1st day of August, A. D. 1930, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by E. E. Baldwin against the Traders and General Insurance Company, which has not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said E. E. Baldwin has failed to sustain the burden imposed upon him by law to establish to the satisfaction of the Board by the introduction of evidence or submission of proof that he suffered injury while engaged in the course of his employment in the capacity of employee for the subscribing employer herein, but to the contrary it has been made to appear that the condition of which he complains is due to causes in no way connected with or incident to his employment, and therefore said claim for compensation ought to be and is hereby denied and refused and the said Traders and General Insurance Company must be and is hereby fully and finally acquitted and discharged from all liability on account of this claim for compensation, and it is so ordered, adjudged and decreed by the said Board."

The parties who made themselves plaintiffs after the death of E. E. Baldwin were "the sole and exclusive surviving heirs and legal beneficiaries of E. E. Baldwin, deceased." After the death of E. E. Baldwin, appellees, as his heirs and legal beneficiaries, did not file with the Industrial Accident Board any claim for compensation because of his death, nor did the board, after his death, act upon such claim. The verdict of the jury and the agreements upon which the case was tried were sufficient to support a judgment against appellant on behalf of E. E. Baldwin on the theory of total permanent incapacity had Baldwin lived and prosecuted the case to judgment.

Opinion.

Appellant contends that the compensation payable to E. E. Baldwin at the time of his death survived and passed to the plaintiffs below as his heirs, under the statutes of descent and distribution, and, since his death proximately resulted from his injuries, as found by the jury, that the compensation payable for his death belonged to appellees, his legal beneficiaries, under the provisions of the Workmen's Compensation Act, article 8306, § 8a, R. S. 1925. It is further contended that the compensation due and payable to E. E. Baldwin at the time of his death was independent of the claim of appellees as his legal beneficiaries under the provisions of sections 8 and 8a of article 8306, and that the filing of the claim by E. E. Baldwin, the award of the board, and the institution of the suit by Baldwin, as plaintiff, did "not inure to the benefit of his legal beneficiaries, claiming compensation in their own behalf on account of" his death. The point made is that, "under the Workmen's Compensation Act, where an employee is injured in the course of his employment and survives for a while, but later dies as a result of said injury, a court is without jurisdiction to adjudicate the claim of the legal beneficiaries for compensation alleged to be due as a result of said employee's death, where it is not alleged and proven that the legal beneficiaries have presented their claim to the Board, that a final award was made, that notice of intention not to abide by the decision of the Board was given within twenty days from the date of

same, and that suit was filed within twenty days from the date of service of such notice." These contentions are denied. The following sections of article 8306 of the Workmen's Compensation Act control appellant's propositions.

"Sec. 8. If death should result from the injury the association hereinafter created shall pay the legal beneficiaries of the deceased employee a weekly payment equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00 per week, for a period of three hundred and sixty weeks from the date of the injury."

"Sec. 8a. The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employee; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary. The compensation provided for in this law shall be paid weekly to the beneficiaries herein specified, subject to the provisions of this law."

"Sec. 8b. In case death occurs as a result of the injury after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."

"Sec. 16. In all cases of injury resulting in death, where such injury was sustained in the course of employment, cause of action shall survive."

The unambiguous language of section 8 is that, when death results from the injury, there shall be paid to the legal beneficiaries of the deceased employee the designated weekly payments for a period of 360 weeks from the date of the injury. As said by the Commission of Appeals in Moore v. Lumbermen's Reciprocal Ass'n, 258 S. W. 1051, 1054, discussing Section 8, "there are no conditions in that statute." The provisions of this section are that compensation shall be paid the legal beneficiaries "from the date of the injury." The only limitation on this right is contained in section 8b, which provides that, in case death occurs as a result of the injury after a period of total or partial incapacity for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation, and the benefits paid thereunder from the maximum allowed for the death. The language of section 8b is clear and not in the least ambiguous. By its language, this section has application only when compensation has been paid for the time of incapacity between date of injury and the date of the death of the injured employee. As no compensation was paid for this period, section 8b, has no application. When section 8b has no application, section 8 absolutely controls the ownership of the compensation, and by its express terms the compensation must be paid to the legal beneficiaries named in section 8a. To sustain appellant's proposition that the compensation payable from the date of the injury of the employee to his death survives and passes to his legal heirs and not to his legal beneficiaries, as named in section 8a, and that the compensation payable to his legal beneficiaries after his death is independent of the compensation that matured to him before his death, would be to read an intent into sections 8 and 8b that have no support in their language. Such a construction of the statute would vest in the heirs, and not in the legal beneficiaries, all claims for compensation between the date of the injury to the employee and his death as a result of the injury, and would read out of section 8 the provision that the 360 weeks' compensation payable to the legal beneficiaries shall run "from the date of the injury." The language of sections 8 and 8b is clearly unambiguous, and therefore not subject to judicial construction. Applied to the facts of this case, they give to E. E. Baldwin's legal beneficiaries compensation for his death for 360 weeks from the date of his injury, and, as no compensation was in fact paid prior to the death of Baldwin, appellees, as his legal beneficiaries, were entitled to the 360 weeks' statutory compensation. Texas Employers' Ins. Ass'n v. Morgan (Tex. Civ. App.) 289 S. W. 75; Id. (Tex. Com. App.) 295 S. W. 588, 590; and Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.(2d) 1046; and Moore v. Lumbermen's Reciprocal Ass'n, supra, do not hold contrary to our construction

of the articles copied above. In the Morgan Case the employee was injured on September 5, 1923, and died as the result of his injuries on September 26, 1924. During his period of incapacity he made a lump sum settlement with the insurer. It was held that his legal beneficiaries had a cause of action under the provisions of section 8, charged with the sum paid the employee during his lifetime, under the provisions of section 8b. In the Pitts Case the employee received a compensable injury to his right eye on the 2d of March, 1927, and was killed on the 14th day of May, 1927, in a personal altercation with a third party, under circumstances not compensable. It was held that the compensation due him for the loss of his eye descended to his legal heirs. The facts of that case did not invoke section 8, for death did not result from the injury. In Moore v. Lumbermen's Reciprocal Ass'n it was held that the beneficiary's right to compensation for the death of an employee was a right vested in the beneficiary by the Workmen's Compensation Act and descended to the heirs of the beneficiary under the statutes of descent and distribution. The facts of that case in no way involved an application of the sections of the Workmen's Compensation Act under discussion. As we construe these principal cases relied upon by appellant, they have no application to the facts of this case. It follows that the heirs of E. E. Baldwin, as such, had no cause of action for the compensation that matured to him prior to his death.

■ Appellant's second point is that the legal beneficiaries of Baldwin named by section 8a, art. 8306, could not prosecute their claim under section 8, art. 8306, merely by making themselves parties to this suit as filed by E. E. Baldwin, deceased, but that it was necessary for them to file their claim as his legal beneficiaries before the Industrial Accident Board within 6 months after his death under the provisions of section 4a of article 8307 of the Workmen's Compensation Act. It was affirmatively held by the Commission of Appeals in the Morgan Case, supra, that sections 8 and 8b of article 8306, create only one cause of action for the injuries to an employee that subsequently proximately result in his death, "with one satisfaction, but payable to the person or persons named in the manner, to the extent and upon the contingencies stipulated in the act itself." It was also held in that case that a new cause of action did not accrue to the beneficiaries on the death of the employee, but that "the sole cause of action for the injury" survived to the legal beneficiaries. This holding was nothing more than a literal statement of the language of section 16 of art. 8306, which provides that the cause of action for injuries inflicted upon an employee shall survive his death. As Baldwin's cause of action under section 16,

as construed in the Morgan Case, survived his death, and to the full extent thereof vested in his legal beneficiaries under section 8, then it must logically follow that they had the right to make themselves parties plaintiff to the cause of action lawfully instituted by Baldwin, as held by the Court of Civil Appeals in Georgia Casualty Co. v. Ward, 259 S. W. 1103, 1105 (writ refused). We construe that case as on all fours with the facts of this case. In that case Ward was the employee. After his injury, notice was given and his claim filed before the board, under the provisions of the Act of 1913 (Acts 1913, c. 179, p. 429), which was all that act required him to do before instituting his suit in the district court. After having thus performed all the essential jurisdictional conditions, Ward filed his suit in the district court. After the suit was filed, he died, and, without going before the board with their claim for his death, his legal beneficiaries made themselves parties to the suit as filed by him and prosecuted that suit to judgment. In denying the very proposition which we are now discussing, the court said:

"* * * Before Ward could maintain this statutory action, due and timely notice must have been given in the manner prescribed by this statute. This has been done. Before he could maintain such a suit, due and timely presentation of the claim for compensation must have been presented in the manner prescribed by the statute and under its terms. This also had been done. After the filing of this suit, and previous to Ward's death, appellant had taken cognizance of the suit against it, as it was required to do, and had filed its answer therein. When Ward died, a perfected cause of action on which a proper suit had already been filed, and in which issues had already been joined, survived and passed to appellees. Appellees did not file a new suit, but, by amendment of the existing pleadings, made themselves parties to this suit, as they had the right to do. To hold otherwise would give no force to the survival section of this statute.

"If appellant's contention be allowed to the effect that when Ward died the perfected cause of action, so far as compliance with necessary conditions could perfect same, died with him, and must be perfected again by appellees doing the same things Ward had done before any right to prosecute this suit passed to them, then it necessarily follows that Ward's suit abated at his death. To such a contention we cannot agree. It is not the effect of the decision in this case by the Court of Civil Appeals for the Sixth Supreme Judicial District. Georgia Casualty Co. v. Ward et al., 220 S. W. 380, 221 S. W. 298."

While the Ward Case arose under the 1913 act, the provisions of that act, as affecting this proposition, were not materially

changed by the 1917 act (Acts 1917, c. 103, p. 281). The only distinction is that under the 1917 act the board must make a final award before the district court can acquire jurisdiction, while under the 1913 act it was necessary only that notice be given and the claim filed with the board. This distinction affects only the nature of the conditions to be performed before filing suit in the district court, and has no relation to the survival of the perfected cause of action nor to the essentials to be performed by the legal beneficiaries as a basis for the prosecution of their claim in the courts.

■ Appellant's seventh proposition is that appellees, as the legal heirs of E. E. Baldwin, deceased, are disqualified by article 3716, R. S. 1925, "to testify as to any transaction with or statement by the deceased employee when not called upon to testify thereto by the opposite party." As appellees recovered, not as heirs within the provisions of article 3716, but as legal beneficiaries under section 8a of article 8306, this proposition is denied, without further discussion.

■ By the eighth proposition appellant makes complaint of the testimony of certain witnesses "as to statements made by the deceased employee, describing how he was injured." The objection to this testimony was that it was "incompetent, and inadmissible, because such testimony was hearsay and consisted of a self-serving declaration of the employee himself." We do not quote the testimony thus complained of, nor review its application to the facts of the case, because the record discloses that substantially the same testimony was given in evidence by other witnesses, or by the same witnesses, without objection on the part of appellant. The rule is that the erroneous admission of testimony is not ground for reversal, where substantially the same testimony was received without objection. 3 Tex. Jur. 1258; Liner v. U. S. Torpedo Co. (Tex. Com. App.) 12 S.W.(2d) 552; American Surety Co. v. North Tex. Nat. Bank (Tex. Civ. App.) 14 S.W.(2d) 88; Port City Lumber Co. v. Wade (Tex. Civ. App.) 16 S.W.(2d) 429; Head v. Texas State Bank (Tex. Civ. App.) 16 S.W.(2d) 298; Fain v. Fain (Tex. Civ. App.) 6 S.W.(2d) 403; Baker v. Farmers' Welfare Union (Tex. Civ. App.) 3 S.W.(2d) 155, 157; Farmers' & Merchants' State Bank v. Guffey (Tex. Civ. App.) 255 S. W. 462; 1 Michie's Digest, p. 804, 805, and cases cited; Gulf, etc., Ry. Co. v. John, 9 Tex. Civ. App. 342, 29 S. W. 558, writ of error refused 93 Tex. 662.

For the reasons stated, all of appellant's assignments of error and propositions are overruled, and the judgment of the court is therefore in all things affirmed.

Affirmed.