**SWAIN et ux. v. STANDARD ACCIDENT INS. CO.**

No. 9536.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

Rehearing Denied April 10, 1935.

G. Woodson Morris and Martin S. Tudyk, both of San Antonio, for appellants.

Eskridge, Groce, Rice & Easterling and Walter Groce, all of San Antonio, for appellee.

SMITH, Justice.

This is a case arising under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), in which Joske Bros. Company was the employer, Lucille E. Swain, the employee, and Standard Accident Insurance Company, the insurer.

On June 16, 1930, the employee, then some months past her nineteenth birthday, sustained accidental injuries in the course of her employment. The insurance company, recognizing liability upon the employee's claim before the Industrial Accident Board, voluntarily paid the employee the weekly compensation due her under the statute, for a period of 17 weeks, when she returned to work. Subsequently, in September, 1930, she entered into a compromise settlement with the insurance company, in which she released the latter from further liability for her injury. This settlement was approved by the Industrial Accident Board.

Afterwards the employee became ill, and in November, 1931, filed a claim with the Industrial Accident Board, asserting that the compromise settlement had been fraudulently obtained from her by the insurance company, and praying for cancellation of the release and for compensation for her injury, which she alleged had resulted in total permanent disability.

On February 12, 1932, the Accident Board rejected the claim, upon a finding that no fraud had been practiced by the insurance company in the procurement of the release.

On February 22, 1932, the employee died, without having given notice of appeal from the board's order, for which purpose she was allowed, by statute (Vernon's Ann. Civ. St. art. 8307, § 5), 20 days from the date of the order. But within that period the employee's parents, Benjamin Swain and wife, Victoria, although not parties to the proceeding, filed such notice of appeal in their own behalf, and thereafter, within the period prescribed by law for such purpose, filed this action in the district court to revise the action of the board, and to set aside the compromise settlement, and to recover compensation for the death of their daughter, the employee.

At the conclusion of the trial the court below directed a verdict in favor of the insurance company and upon that verdict rendered judgment denying any recovery to the Swains, who have appealed.

The Workmen's Compensation Act provides for compensation to the employee for injury resulting in his disability only, and to legal beneficiaries for injuries resulting in his death. The two remedies are separate and distinct, although flowing from the same accident, or injury. And those remedies may in part concur, in this, that: "In case death occurs as a result of the injury after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death." Section 8b, art. 8306, R. S. 1925.

The right to compensation for disability other than death is exclusively in the employee, and whatever compensation he receives during his lifetime is deductible from the compensation to be awarded the beneficiaries in event of his ultimate death from the same injury.

The statute makes a distinction between a general injury, such as that sustained by the employee in this case, and a specific injury, such as the loss of an eye, or other member. In the case of a general injury, the disability being uncertain in duration and degree, the right of action for compensation therefor does not survive, in the sense that the employee's heirs, as such, may prosecute the same; whereas, in the case of specific injury the right of action at once becomes a vested right

for a liquidated sum prescribed by statute, and survives to the heirs at law of the employee. Federal Surety Co. v. Pitts, 119 Tex. 330, 29 S.W.(2d) 1046; United States Fidelity & Guar. Co. v. Salser (Tex. Civ. App.) 224 S. W. 557.

So that, if, as in this case, the employee survives a general injury for the time being, and receives compensation for a period of disability, but thereafter dies as a result of that injury, his cause of action dies with him, and a new and distinct right thereupon arises for the benefit of his beneficiaries, to wit, the right to compensation for the employee's death. This latter right, and the cause of action thereon, belong to the beneficiaries, and cannot be released or otherwise impaired by any act of the employee in his lifetime. Texas Employers' Ins. Ass'n v. Morgan (Tex. Com. App.) 295 S. W. 588, 589; Maryland Cas. Co. v. Stevens (Tex. Civ. App.) 55 S.W.(2d) 149; Traders' & General Ins. Co. v. Baldwin (Tex. Civ. App.) 50 S.W.(2d) 863 (writ granted).

■ The result of this conclusion is, then, that under the authorities cited the act of the employee in this case, of compromising and relinquishing her claim for compensation for disability, has no bearing upon the claim of the beneficiaries for compensation for the employee's death, except that the amount of compensation paid the employee for disability is deductible from the amount of compensation to which the beneficiaries would be entitled under the statute, as provided in section 8b, art. 8306.

■ It is provided in article 8307 that: "No proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee * * * within six months after death. * * *" Section 4a, art. 8307.

It will be observed that two distinct procedures are prescribed for filing claims with the board, one to be pursued by the employee in case of his disability from injury; the other to be pursued by the beneficiary in case of death of the employee from injury. In the first case the time for filing the claim must be computed from the date of the "occurrence" of the injury; in the second, from the date of the employee's death. In the first case it devolves upon the employee to procure a rul-

ing from the board upon the question of whether he has been incapacitated by reason of injury incurred in his employment; in the second, it devolves upon the beneficiaries to show the board that the employee died as a result of injury so incurred.

In this case the employee first procured a ruling from the board that she had been so disabled, and under that ruling she drew compensation for a period, then compromised and settled her claim with the insurer, and resumed her employment, as before. Subsequently, she again became disabled, and filed a claim before the board, alleging that she was totally and permanently incapacitated as a result of the old injury, that the insurer had fraudulently procured from her a release of said claim, and praying that the release be set aside, and that she be awarded compensation as for total permanent general incapacity. The board found that the employee had not been deceived into executing the release, and declined to reopen her claim, which was thereby denied. The employee did not give notice of appeal from this ruling of the board, but died without actually giving that notice, and without filing suit in the district court to set aside the action of the board. Appellee contends that by this process the claim of the employee, and the proceedings to establish and enforce the same, as well as all cause of action thereon, were thereby fully terminated, and did not inure to the benefit of the beneficiaries for any purpose; that inasmuch as the claim of the beneficiaries was a separate and distinct claim from that which had been filed and prosecuted by the employee, and had not been presented to or adjudicated by the Industrial Accident Board, the beneficiaries could not invoke the jurisdiction of the district court in an action thereon. Thus is presented the controlling question in this appeal; that is, whether the beneficiaries in the case, claiming compensation for the death of the employee, could properly substitute themselves as the aggrieved parties, in the suspended proceedings previously instituted by the employee before the Industrial Accident Board to establish her claim for compensation for disability other than death; especially, as such claim had not yet reached a court, but had merely been rejected by the board, from whose ruling no notice of appeal had ever been given by the employee whose claim had been so rejected.

We have concluded that the death of the employee terminated the proceeding instituted by her for compensation for her incapacity, and that it devolved upon appellants as the employee's legal beneficiaries to institute and

prosecute their new, separate, and distinct claim before the Industrial Accident Board, as provided by the statute cited.

The cause of action asserted by the employee was separate and distinct from that asserted by the legal beneficiaries, and upon the death of the former her cause of action, as such, did not survive to the beneficiaries. So that, when the Industrial Accident Board rejected the employee's demand that her release of her claim for compensation be set aside, and a new award of compensation be granted her, its action did not in any manner or for any purpose or to any degree affect the right of the legal beneficiaries to compensation. The beneficiaries were not parties to the proceeding before the board. They were not aggrieved by the ruling of the board rejecting the employee's claim. They could not complain of that ruling, since they were not injured or otherwise in the least affected by it, and their right to a claim for compensation was as widely open to them as it ever had been or could be. The statute prescribed their rights, which were separate and distinct from those of the deceased employee, and prescribed the procedure for enforcing those rights, without reference to and independently of the procedure provided for the employee's benefit.

We conclude that the beneficiaries, not being parties to or interested in the claim of the employee, or the proceeding to enforce that claim, had no warrant to substitute themselves as claimants in that proceeding, in lieu of the deceased employee, and appeal directly to the courts from a ruling against the employee. To permit such intervention would be to deprive the Industrial Accident Board of its statutory, exclusive original jurisdiction to determine the question of the right of appellants to compensation on account of the employee's death, that is, whether the employee's death was caused by accidental injuries sustained by her in the course of her employment. That jurisdiction could and should have been invoked by appellants by filing their claim with the board within six months from the death of the employee, as provided by statute, and, having failed to pursue that remedy, they were prohibited by statute from appealing to the courts. Article 8307, § 4a.

Appellants rely upon Traders' & General Ins. Co. v. Baldwin, supra, to support their contention that the proceeding instituted before the board by the employee inured to the benefit of appellants and relieved them of the necessity of prosecuting their claim in the manner provided by the statute. But, to say the least of it, that case is distinguishable from this, in that in it the employee's claim was pending in court at the time of the employee's death, whereas, in this case, the employee's claim had not only not reached any court, but was in suspense between an adverse ruling by the board and the giving of notice of appeal which the employee never gave. We do not think this distinction is material to the question here decided, but it is at least sufficient to distinguish this case from, and avert a conflict with, the case cited.

The judgment is affirmed.