GULF CASUALTY COMPANY V. MRS MINNIE ALICE HART.

No. 8131. Decided November 10, 1943.
Rehearing overruled December 1, 1943.
(175 S. W., 2d Series, 73.)

*John E. Green, Jr.,* of Houston, *Carrigan, Hoffman & Carrigan,* of Wichita Falls, *P. O. Settle, R. E. L. Batts, W. E. Allen,* al of Fort Worth, for petitioner.

It was error for the Court of Civil Appeals to hold that the 360 weeks compensable period for a beneficiary under the workmen's compensation act should not be computed from the date of injury, but from the date of death. And in rendering judgment for respondent in face of the fact that the employee lived 378 weeks after the date of the injury and that he had asserted a claim for 401 weeks which claim had been settled with a compromise settlement for that period, and same had been approved by the court and the Industrial Accident Board, and that he had lived 18 weeks beyond the 360 week period compensable for death. And having lived beyond the period compensable for death—360 weeks from the date of injury—, which period could not be extended by the court, no cause of action arose or could arise in favor of the beneficiary. Southern Underwriters v. Drewyer, 125 S. W. (2d) 640; Traders & Gen. Ins. Co. v. Baldwin, 125 Texas 577; Texas Pac. Fid. & Sur. Co. v. Hall, 101 S. W. (2d) 1050.

*Napier & Napier, of Wichita Falls,* for respondent.

*Charles L. Black, of Austin,* filed brief as amicus curiae.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is a workmen's compensation suit involving the right of the surviving wife, as a beneficiary, to recover compensation for the death of her husband who died 378 weeks after the date

of his injury and who had fully settled his claim with the insurance carrier.

On January 23, 1934, A. N. Hart, respondent's husband, sustained injuries in the course of his employment as a pumper for the Gulf Pipe Line Company in Wichita County. He timely filed his claim with the Industrial Accident Board and, following an adverse ruling, filed suit by way of appeal in the District Court of Wichita County on October 13, 1934, to set aside the order of the Board and to recover maximum compensation for 401 weeks on the basis of total and permanent incapacity. Thereafter an agreement to compromise and settle the suit for $3,375.00 was made and the settlement was approved by the trial court as fair, just and reasonable. On April 24, 1941, 378 weeks after the date of his injury, A. N. Hart died from such injury.

Thereafter respondent filed her claim with the Industrial Accident Board as sole beneficiary, claiming compensation for 360 weeks. From an adverse ruling of the Board she filed this suit in the District Court of Wichita County. In the trial of the case the parties stipulated that the compensation rate was $19.38 per week and further stipulated the same facts substantially as above stated. The trial court concluded that the respondent was not entitled to recover and rendered judgment for the petitioner. Respondent appealed to the Court of Civil Appeals, which court reversed the judgment of the district court and rendered judgment allowing respondent compensation for 185 weeks at the agreed rate of $19.38 per week, beginning one week after April 24, 1941, the date of the death of the deceased employee. The recovery was based upon 360 weeks at the agreed compensation rate, less the $3,375.00 paid to the deceased pursuant to the compromise settlement. 170 S. W. (2d) 491.

It is the contention of the petitioner that the respondent is not entitled to recover because the compensation paid to her husband under the terms of the settlement agreement covered and included the 360 weeks immediately following the date of the injury. This contention was overruled by the Court of Civil Appeals which held, in effect, that the compensable period for the beneficiary should not be computed from the date of the injury but from the date of the death of the employee. It was upon this holding that this court granted the writ of error.

Section 8 of Article 8306, Vernon's Ann. Civ. St., provides that if death should result from the injury the legal beneficiaries may recover compensation "for a period of three hundred and sixty weeks from the date of the injury." Section 8b of the same

article provides that in case death occurs from the injury after a period of total or partial incapacity, for which compensation has been paid, "the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."

Section 8 defines the period of compensation for beneficiaries in the event of death of the employee just as Section 10 of the same article defines the length of time during which compensation may be paid to an employee in case of an injury. Section 8b covers an entirely different subject. It deals with the right of the insurer, in case of death of the employee, to deduct what is paid prior to death for total or partial incapacity. It is logical and just that the deduction is limited to the compensation which has been paid. However, this provision does not change or extend the length of time during which the compensation is to be paid, which is 360 weeks from the date of the injury, the maximum allowed for death.

In the case of Texas Employer's Ins. Ass'n. v. Guidry, 128 Texas 433, 99 S. W. (2d) 900, this court, in construing Section 10 of Article 8306, held that the term "date of injury," as used therein, contemplated the inception of the injury and not necessarily the beginning of the incapacity, and further held that in case of injury to an employee which results in total incapacity, the employee, in no event, is entitled to compensate for such incapacity beyond the period of 401 weeks from the date the injury occurred. We have concluded that this same principle must be applied in the instant case where the beneficiary seeks recovery for the death of the employee under the provisions of Section 8, which limits the compensation period to 360 weeks. The employee having lived beyond 360 weeks from the date of his injury, the compensation period under Section 8 had expired before his death and no cause of action ever came into existence, or now exists, in favor of the beneficiary. In making this holding we express no opinion as to the rights of heirs or legal representatives suing as such to recover unpaid compensation due the deceased employee at the time of his death. Such a case is not before us. The respondent is not suing as an heir for unpaid compensation due her husband during his lifetime but sues as a beneficiary for compensation due her as such.

The judgment of the Court of Civil Appeals will be reversed and the judgment of the trial court will be affirmed.

Opinion adopted by the Supreme Court November 10, 1943.

Rehearing overruled December 1, 1943.