### TEXAS EMPLOYERS' INS. ASS'N v. MORGAN et al.    (No. 786-4782.)

Commission of Appeals of Texas, Section B. June 4, 1927.

1. **Constitutional law ⬅92—Legislature, with certain limitations, may create, modify, or destroy causes of action.**

Legislature, with certain limitations, has power to create, modify, or destroy causes of action.

2. **Statutes ⬅243—Creation, modification or destruction of cause of action depends on Legislature's intent.**

Legislature's intention is controlling in determining whether cause of action has been created, modified, or destroyed.

3. **Master and servant ⬅386(1)—Compensation Act gives cause of action to injured employee, and, in case of death, to beneficiaries, notwithstanding award and payment for incapacity (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, art. 8306, §§ 8, 8b, 16]).**

Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306, §§ 8, 8b, 16), gives cause of action to injured employee and, in case of his death, to his named beneficiaries, for amount named in section 8, less benefits paid employee, notwithstanding award by Industrial Accident Board and payment by insurance carrier to employer for total or partial incapacity.

4. **Master and servant ⬅416—Industrial Accident Board's award has force of judgment.**

Award of Industrial Accident Board, unless legally set aside, has force of judgment, and is binding on all parties.

5. **Master and servant ⬅382—Compensation agreement and settlement, approved by Industrial Accident Board, has force of judgment.**

Agreement and settlement with injured employee by payment of reasonable sum, when approved by Industrial Accident Board, has force of judgment, and is binding on all parties, like award.

6. **Master and servant ⬅386(1)—Beneficiaries cannot recover, if injured employee, before death, was paid amount equal to statutory maximum for resulting death (Workmen's Compensation Act [Vernon's Ann. Civ. St. 1925, art. 8306, § 8b]).**

If sum paid injured employee under award of, or voluntary agreement approved by, Industrial Accident Board, equals maximum allowed his beneficiaries for his resulting death, they cannot recover under Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306, § 8b).

7. **Master and servant ⬅382—Deceased employee's beneficiaries may recover statutory amount, less compensation paid employee, whether determined by award, order of redemption, or approval of settlement (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, art. 8306, §§ 8, 8b, 15, 15a, 16]).**

Under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306, § 16), deceased employee's cause of action for injuries survives to his beneficiaries, who may recover amount named in article 8306, § 8, with deductions stipulated in section 8b, whether compensation be determined by usual award, order of redemption under article 8306, §§ 15, 15a, or approval of agreed settlement by Industrial Accident Board.

8. **Appeal and error ⬅742(6)—Assignment of error in Court of Civil Appeals' holding that plaintiff in error did not challenge trial court's finding held not supported by statement that court held such findings supported by evidence.**

Assignment of error in Court of Civil Appeals' holding that insurance carrier did not challenge trial court's conclusion that employee's death was proximately due to injuries sustained *held* not supported by statement that appellate court held that such finding was supported by evidence.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Proceedings under the Workmen's Compensation Act by Mildred Morgan, for herself and the use and benefit of Blanche Morgan, a minor, for compensation for the death of C. J. Morgan, employee, opposed by the Texas Employers' Insurance Association, insurance carrier. A judgment for claimants on appeal from an order of the Industrial Accident

Board was affirmed by the Court of Civil Appeals (289 S. W. 75), and the insurance carrier brings error. Affirmed.

Harry P. Lawther and John R. Gray, both of Dallas, and Callicutt & Upchurch, of Corsicana, for plaintiff in error.

Cullen F. Thomas, of Dallas, amicus curiæ.

G. G. McBride, of Borger, and Jester & George, of Corsicana, for defendant in error.

SPEER, J. Mildred Morgan, surviving wife of C. J. Morgan, deceased, for herself and the use and benefit of Blanche Morgan, their minor child, prosecuted an appeal from the order of the Industrial Accident Board upon their claim as beneficiaries under a policy issued by the Texas Employers' Insurance Association, for the death of the deceased. The controlling question in the case is presented by the defendant's plea of compromise and settlement in full with C. J. Morgan during his lifetime, whereby, the association claims, any and all rights of the beneficiaries are forever barred. The cause was tried before the court without a jury, and judgment rendered for the plaintiffs, and that judgment was affirmed upon appeal. (Tex. Civ. App.) 289 S. W. 75. It is admitted, and otherwise appears to be true, that the precise question of the effect of such a compromise and release by the employee upon the rights of the beneficiaries upon his death from the injuries received in the course of his employment has never been decided by our courts. And the decisions of other states involving statutes not shown to be like ours are of little aid to us. It is therefore a question of original consideration with us, and is necessarily one of construction of our Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). Plaintiff in error insists the question has been determined, in principle at least, by the decision in Thompson v. Fort Worth & R. G. Ry. Co., 97 Tex. 590, 80 S. W. 991, 1 Ann. Cas. 231. That was a death action under our statute wherein the injured person had executed a complete release, acknowledging full satisfaction of all injuries on account of the accident. The Supreme Court held there was but one cause of action under the law for which there could be but one compensation, and that the settlement and release therefore left no right of action to the beneficiaries suing. The decision turned, as it of course should, upon the intention of the Legislature in providing for such death actions. In construing that act, the court said:

"The language, 'and the act, negligence or default is such as would if death had not ensued have entitled the party injured to maintain an action for such injury,' found in our first act, renders it practically certain that the purpose of the Legislature was to furnish a remedy for the injury caused by the death to those dependent upon the deceased by giving to them an action in lieu of that which he might have maintained but did not assert; but not to provide double compensation for one wrong."

[1, 2] Now, of course, after the acceptance of a settlement and the execution of a full release, the injured man could not have maintained an action for such injury, and therefore, under the very terms of the statute, the beneficiaries had no right of action. But there is no such limitation upon the rights of beneficiaries under our Workmen's Compensation Act. This case, however, is an outstanding authority upon the question before us to the extent that the test for decision is the intention of the Legislature. The Legislature, under certain well-known limitations, has the power to create, modify, or destroy causes of action, and its intention in this respect, when ascertained, is controlling. This necessitates an examination of the Workmen's Compensation Law in that particular wherein it provides a cause of action for certain beneficiaries named in the act.

[3] Section 8 of article 8306 of the Act declares:

"If death should result from the injury the association hereinafter created shall pay the legal beneficiaries of the deceased employee a weekly payment equal to 60% of his average weekly wages, but not more than $20.00 nor less than $7.00 per week, for a period of 360 weeks from the date of the injury."

And section 8b provides:

"In case death occurs as a result of the injury after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."

While section 16 declares:

"In all cases of injury resulting in death, where such injury was sustained in the course of employment, cause of action shall survive."

Now to our minds these provisions necessarily indicate that the Legislature intended that an injury to an employee in the course of his employment by one operating under the act would give rise to one cause of action in favor, first, of the employee, and, second, in case of his death therefrom, to his relatives and dependents named as beneficiaries; that, in case of death, there should in no event be collected from the association an amount exceeding that named in section 8; that, notwithstanding an award by the board and payment by the association to the employer for a total or partial incapacity, there shall yet, in case of his death, be paid to the beneficiaries the amount named in section 8, less the benefits paid to the employee.

[4-7] Of course, as insisted by plaintiff in error, the award of the board, unless in some way legally set aside, has the force of a judgment, and is binding on all parties. And likewise we think an agreement and settlement by

the payment of a reasonable sum; when approved by the board, has the same force and effect, and, in either event, if the sum paid equals the maximum allowed to the benficiaries in the case, there could be no recovery by them, perforce of the statute itself, for such payments, whether by award of the board originally or by voluntary agreement with the approval of the board. Williams v. Vauxhall, 97 L. T. (N. S.) 559, 1907 (2 K. B. 433), cited in note Ann. Cas. 1915B, 831. But the acceptance by the employee of an agreed sum in settlement and the execution of a full release even though approved by the board, can have no greater effect upon the rights of the beneficiaries in the case than the primary award of the board can have. Necessarily, the award of the board or the order approving an agreement and settlement contemplates and embraces the full existing liability of the association, and the same is the maximum amount of recovery to which the employee is entitled for the injury. But such an award or order also embraces necessarily the expressed terms of the law to the effect that, in case death occurs as a result of the injury, the legal beneficiaries of the deceased shall be entitled to receive the amount named in section 8 with the deduction stipulated in section 8b.

It is not so much a matter of separate causes of action—the one in favor of employees and the other in favor of beneficiaries—as it is the intention of the Legislature there should be one cause of action, with one satisfaction, but payable to the person or persons named in the manner, to the extent and upon the contingencies stipulated in the act itself. The provision under section 16 that, in all cases of injury resulting in death where such injury was sustained in the course of employment, cause of action shall survive, indicates, not that there arose at death a new cause of action to the beneficiaries, but rather that the sole cause of action for the injury should survive to the beneficiary in the manner provided. It clearly was not contemplated that every award or order of the board during the life of the employee, although of course it covered the full compensation to the employee, should exhaust the right of recovery by the beneficiaries in case of death, and for precisely the same reason a settlement and release by the employee could not have that effect. The provision for redemption of liability by the association contained in section 15, and the provision for readjusting the amount of compensation contained in section 15a, evidence no intention contrary to that we have indicated. Whether the compensation to the employee be determined by the usual award, an order of redemption, or an approval of an agreed settlement, all the existing liability of the association is exhausted, but neither method necessarily affects the contingent rights of beneficiaries, yet either method may extinguish those rights as well. It all depends upon the amount paid for incapacity. If that amount, any event should equal or exceed the recovery by the beneficiaries, then under the plain requirement for a deduction the beneficiaries can have no recovery. Clearly, an agreement of compromise and settlement between the employee and the association can be no more comprehensive than the award of the board, and it is equally clear the award does not affect the beneficiaries, except as to the extent of deductions for payments made thereunder. So, here, the like effect has been properly given to the settlement by a deduction of the full amount paid. The trial court and the Court of Civil Appeals have correctly interpreted the statute.

[8] The only remaining question is presented by the second assignment of error complaining that the Court of Civil Appeals erred in holding that plaintiff in error did not by assignment or otherwise challenge the judgment of the trial court, in concluding that the death of C. J. Morgan was proximately due to the injuries suffered by him. But this assignment is not supported by the statement which follows it. It is not shown that the Court of Civil Appeals made any such holding. On the contrary, that court held:

"We have examined the evidence, and, without undertaking to set out the evidence, will say we think the above finding of the trial court to the effect that the death of C. J. Morgan resulted from the injury received by him on September 5, 1923, is amply supported by the evidence."

We recommend that the judgments of the trial court and of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.