**OILMEN'S RECIPROCAL ASS'N v. COE et al.**
**(No. 445.)**

Court of Civil Appeals of Texas. Eastland.
May 11, 1928.

1. **Master and servant ⊚⇒386(2)—Compensation for death of employee, paid lump sum for permanent total incapacity, is determined by deducting such amount from maximum death benefit; "and" (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, art. 8306, § 8b]).**

Under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8306, § 8b), amount to which beneficiary is entitled on death of employee, with whom lump sum settlement for permanent total incapacity was made, is determined by deducting benefits paid thereunder from maximum allowed for death, not by deducting period of such incapacity from total period of compensation for death; it being proper to construe word "and" as though it were "or."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, And.]

2. **Costs ⊚⇒262—Motion to allow damages for appeal without sufficient cause necessitates examination of entire record, independently of assignments of error, to ascertain existence of any theory requiring reversal (Rev. St. 1925, art. 1860).**

Motion to assess damages by way of penalty, under Rev. St. 1925, art. 1860, for taking appeal without sufficient cause, necessitates examination of entire record, independently of assignments of error, to ascertain whether there is any theory under which judgment should be reversed.

3. **Appeal and error ⊚⇒66—Judgment must be final for appeal to lie.**

A judgment must be final in order that appeal therefrom may lie.

4. **Appeal and error ⊚⇒79(1)—Judgment not disposing of some defendants is not final and appealable.**

A judgment which makes no disposition of some of defendants is not final, and hence not appealable.

Error from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Lena Coe against the Oilmen's Reciprocal Association and others. From a judgment for plaintiff against named defendant, it brings error. Writ dismissed.

King, Battaile & Sonfield, of Houston, for plaintiff in error.

C. J. O'Connor and J. M. Rieger, both of Breckenridge, for defendants in error.

FUNDERBURK, J. From a judgment in favor of Mrs. Lena Coe against Oilmen's Reciprocal Association for $1,461.13, the latter brings the case to us for review upon writ of error. The defendants in the suit shown by the pleadings of both parties were Mrs. Lena Coe, C. J. O'Connor, and J. M. Rieger. No

statement of facts accompanies the record. The trial judge filed conclusions of fact and law. The court, among other things, found that J. H. Coe, deceased husband of defendant Lena Coe, had before his death, upon an agreed compromise judgment, been paid $4,000 as compensation for permanent total incapacity, and that his average weekly wages were $17.31. The injury for which this compensation was made was the same that finally resulted in the injured employee. The present suit is by his surviving widow for compensation for her husband's death, as provided in the Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

The sole point urged by plaintiff in error for reversal of the judgment is that, under a proper construction of Vernon's Annotated Texas Statutes, art. 8306, § 8b, there can be no recovery by a beneficiary for the death of an employee in a case where full settlement has been previously made to the injured employee for a permanent and total incapacity resulting from said injury.

The defendant, in addition to contesting this point, calls attention to what is claimed to be an error of calculation in the amount of the judgment resulting in an award of $1,461.13, instead of $2,231.60. It is insisted that it is our duty to reform the judgment so as to correct the error and to affirm it. We are also urged by motion to hold that the appeal is for delay only, and that there was no sufficient cause for taking such appeal and to assess damages by way of penalty as provided in R. S. 1925, art. 1860.

[1] We have given some consideration to the point upon which plaintiff in error predicates its appeal, and have reached a conclusion in regard to same. There may be some question of the propriety of announcing our decision on this point, in view of the particular disposition that, by reason of matters hereafter referred to, we are making of the case. In view of another trial of the case, it may be helpful for us to briefly discuss the question. The statute upon which the question of construction arises reads:

"Sec. 8b. In case death occurs as a result of the injury after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."

The construction contended for by appellant is that the *period* of total or partial incapacity for which compensation has been made, as distinguished from the *amount* paid shall be deducted from the *total period of compensation* to the beneficiary for the death of the employee; from which it will result that there can be no recovery in a case like this where payment has been made to the injured employee for total and permanent in-

capacity, since the total period for which compensation is provided for the latter is 401 weeks, and the total period for which death benefits are allowed is 360 weeks, the rate of compensation being the same in both cases.

We are unable to agree that this is the proper construction of the statute. We think the statute undertakes to provide two methods for arriving at the amount of compensation to be allowed. One is to deduct the *"period of incapacity"* from the total *"period of compensation."* The other is to deduct *"the benefits paid"* from the *"maximum allowed for death."* One method deals with periods of time; the other with amounts paid. Where, for instance, payment of compensation for incapacity is being made by the week and is interrupted by death of the employee, the amount due the beneficiary for the employee's death, if any, is readily ascertainable by deducting the period for which payment had been made from the total period for which compensation is allowed for death. But where, as in this case, a lump sum settlement has been made, and for a less amount than might be paid for total permanent incapacity, the amount, if any, which the beneficiary in case of death is entitled, is arrived at by deducting *"the benefits paid thereunder from the maximum allowed for the death."* The statute would clearly express this intention were the two provisions disjoined by the word "or" instead of being conjoined by the word "and," but we think to give effect to all of the language in the article it is necessary to construe the word "and" as though it were "or." Under the well-known rules of statutory construction, this is proper. Alexander v. State, 84 Tex. Cr. R. 75, 204 S. W. 644.

Independently of our own conclusions on this point, we think the Commission of Appeals has given the same construction to the statute in question. Texas Employers' Ins. Ass'n v. Mildred Morgan (Tex. Com. App.) 295 S. W. 588; Id. (Tex. Civ. App.) 289 S. W. 75.

[2] The motion of appellee to allow damages as provided by R. S. 1925, art. 1860, makes it necessary for us, independently of assignments of error, to examine the entire record in the case to ascertain if there exists any theory under which it should be reversed. Rose v. Brantley (Tex. Civ. App.) 262 S. W. 193; Davis v. Teal (Tex. Civ. App.) 200 S. W. 1166; Nasworthy v. Draper (Tex. Civ. App.) 28 S. W. 564.

In pursuance of the duty thus imposed, we first notice that the trial court found that the average weekly wages of the deceased employee were $17.31, and further found that $4,000 had been paid in the employee's lifetime for total and permanent incapacity. R. S. 1925, art. 8306, § 8, limits the right of recovery in cases of death to 60 per cent. of the average weekly wages, with a maximum of $20 and a minimum of $7 per week. Sixty per cent. of $17.31 is $10.38. The maximum of recovery then, under the findings of the court, is 360 times $10.38, which is $3,736.80. This sum, being less than the amount already paid, seems to show that the finding of the court is insufficient to support the judgment rendered. There appears to be such conflict between the finding and the judgment as would require a reversal of the case but for the matter we next notice.

[3, 4] The judgment makes no disposition of two of the defendants. C. J. O'Connor and J. M. Rieger were made parties defendant by the filing of the suit, and they acknowledge themselves such parties by making answer. The matter is too elementary to require the citation of authority that a judgment must be final in order that appeal therefrom may lie. A judgment is not final which makes no disposition of some of the defendants. Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Miller v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540; Anderson v. Claxton (Tex. Civ. App.) 291 S. W. 960.

Plaintiff in error had the responsibility of prosecuting its writ from a judgment that was final.

The writ of error proceedings will therefore be dismissed, at the cost of plaintiff in error.