**OILMEN'S RECIPROCAL ASS'N v. COE et al.**

**No. 702.**

Court of Civil Appeals of Texas. Eastland.

May 9, 1930.

Rehearing Denied June 13, 1930.

King, Battaile & Sonfield, of Houston, for appellant.

C. J. O'Connor and J. M. Reiger, both of Breckenridge, for appellees.

HICKMAN, C. J.

This is the second appeal of this cause. The opinion of this court on the former appeal is reported in 6 S.W.(2d) 1046. In accordance with the opinion on the former appeal, the case was dismissed, because the judgment appealed from was not final. It was also pointed out in that opinion that the facts with reference to the average weekly wage of the deceased employee would not support the judgment. The case has been retried. The judgment from which this appeal is predicated does not contain the vice pointed out in the former opinion, and the evidence as to the amount of the weekly wage of the deceased employee supports the judgment rendered. Appellant's brief in the instant case is the same as that filed on the former appeal. The attorneys for appellant have taken their briefs on the original appeal and interlined same so as to refer to the correct pages of the record as presented herein and filed same as their briefs with no change whatever in the propositions of law relied upon for reversal. It therefore becomes unnecessary to make a statement of the nature and result of this case, but only to refer to the former opinion of this court.

In our former opinion we discussed the propositions of appellant on their merits.

Since the appeal was dismissed, that portion of our former opinion does not have the effect of an adjudication by this court.

We have again considered the questions of law presented, and it is still our construction of article 8306, § 8b, R. S. 1925, that the amount to which the beneficiary is entitled under the Workmen's Compensation Law on the death of the employee, with whom a lump sum settlement has been made prior to his death, is arrived at by deducting the amount actually paid to the employee from the maximum amount recoverable by the beneficiary for the death of the employee. In the instant case appellee's judgment was for this difference, and it is our opinion that same was correctly determined. Texas Employers' Ins. Ass'n v. Mildred Morgan (Tex. Com. App.) 295 S. W. 588; Id. (Civ. App.) 289 S. W. 75; Oilmen's Reciprocal Ass'n v. Coe (Tex. Civ. App.) 6 S.W.(2d) 1046.

The judgment of the trial court will be affirmed.