## HOUSTON E. & W. T. RY. CO. et al. v. SOUTHERN PINE LUMBER CO.

### No. 2016.

Court of Civil Appeals of Texas. Beaumont. March 16, 1931.

Rehearing Denied April 29, 1931.

Arterbury & Coolidge and Baker, Botts, Andrews & Wharton, all of Houston, and Fairchild & Redditt, of Lufkin, for appellants.

R. E. Minton and Tom F. Coleman, both of Lufkin, for appellee.

**WALKER, J.**

This was an action by appellee against appellants for damages for the loss of twenty-five head of cattle in a large shipment made by appellee from Rayville, Tex., to Aguilares, Tex., and for the freight paid by appellee on the dead cattle. The grounds of negligence alleged were the failure of appellants to remove dead cattle from the cars at Yoakum, Tex., after being notified that dead cattle were in the cars and after being requested so to do, and the bad condition of the roadbed over which the cattle were being transported, both of which acts of negligence were alleged to be proximate causes of the damages sued for. It was further alleged that certain of the cattle were so injured in the shipment that, after being delivered at Aguilares, they died as a result of the injuries. Appellants answered by general and special demurrers and general denial.

The jury found that twenty-five head of appellee's cattle were killed by the negligence of appellants, and that these cattle were of the reasonable market value of $25 per head at Aguilares. They also found that the failure to remove the dead cattle from the cars was negligence, and that the failure to remove the dead cattle from the cars, together with the condition of the roadbed, was the direct and proximate cause of the death of the cattle. On the verdict judgment was entered in appellee's favor for twenty-five head of cattle at $25 per head and for $40 freight. This is a second appeal in this case. For a fuller statement reference is made to the opinion on the former appeal. Railway Co. v. Southern Pine Lmbr. Co. (Tex. Civ. App.) 6 S.W.(2d) 418.

### Opinion.

Appellants present their appeal on three propositions, saying in connection with these propositions that they do not want the judgment of the lower court reversed and the cause remanded for a new trial, but only that it be reversed and rendered or reformed and affirmed. Their propositions are as follows:

■ First. It was just as reasonable to conclude that the cattle were killed through a nonactionable cause as through an actionable cause. It is correct to say that no liability is shown where an accident is as reasonably attributable to a nonactionable cause as to one that is actionable. Gulf, Colorado & Santa Fe Railway Co. v. Davis (Tex. Civ. App.) 161 S. W. 932. But that proposition does not control this case. When the shipment of cattle reached Yoakum, appellee's agent found that cattle were down in certain of the cars and some of them dead. He notified appellants of this fact and requested

that the dead cattle be removed from the cars. This request was refused. The testimony was that this condition rendered it more dangerous to the remaining cattle. There was also testimony that the condition of the roadbed contributed to the injury to the cattle in view of the way they were loaded. There was also testimony that certain of the cattle, after being delivered at Aguilares, died as the result of injuries received while they were being shipped. For the reasons stated appellants were not entitled to an instructed verdict.

Second. Appellants further contend that at the most the evidence showed that only eight head of cattle were negligently killed. Though contending by this proposition that the largest number appellee could claim damages for was eight, by their thirtieth assignment of error they say that "the largest possible number that is shown under the evidence to have died * * * as a result of the alleged act of negligence * * * is twelve head of cattle." The contention is further made that appellee failed to show that it lost twenty-five head of cattle. We do not review the evidence on this contention because we find in appellants' thirty-sixth assignment of error this statement: "The evidence shows that twenty-five head of cattle died."

█ The jury found that twenty-five head died as a result of the alleged acts of negligence. We cannot say, after carefully reviewing the testimony, that this finding is without some support in the evidence. Appellants' relief against this finding was to ask for a new trial, which they expressly say they do not want.

Third. It is further contended that the court erred in its charge to the jury in submitting certain issues which appellants say were not raised by the pleadings and evidence. If the record sustained this proposition, the assignment would be one of reversible error, but, since appellants have expressly stated they do not want the case reversed, there is nothing in this proposition for us to review.

█ We agree with appellants that the court erred in entering judgment against them for the $40 freight on the dead cattle. This amount was paid by appellee as freight for the transportation of the dead cattle from Rayville to Aguilares. The market value of the cattle at Aguilares was $25 per head. Therefore it appears as a matter of law that the freight charges entered into and became a part of the market value sued for and found by the jury.

It follows that the judgment of the lower court should be reformed by eliminating therefrom the sum of $40, and, as reformed, affirmed.

Reformed and affirmed.