## TEXAS PAC. FIDELITY & SURETY CO. et al. v. HALL.

### No. 1623.

Court of Civil Appeals of Texas. Eastland.

Jan. 22, 1937.

Rehearing Denied Feb. 19, 1937.

John Hancock, of Fort Worth, for appellants.

B. H. Atchison, of Breckenridge, for appellee.

FUNDERBURK, Justice.

On or about August 22, 1929, Frank Hall, an employee of the Texas Pacific Coal & Oil Company, sustained a compensable injury for which he was finally awarded, by agreed judgment, and was paid, compensation in the sum of $1,620.22. The insurance carrier was Texas Pacific Fidelity & Surety Company, whose liability, if any, was reinsured by Great American Indemnity Company of New York.

Frank Hall died November 6, 1934, and his widow, Mrs. Frank Hall, as sole statutory beneficiary, prosecuted a claim for compensation based upon the theory that said injury was the cause of his death. She brought this suit against both of said insurance companies as an appeal from an unsatisfactory award by the Industrial Accident Board. Upon a jury trial judgment was rendered against both of said defendants in favor of the plaintiff for the sum of $5,054.51, from which the defendants have appealed.

It is first contended that appellants were not liable because Hall's death occurred long after the Workmen's Compensation period for which he collected compensation prior to his death, had expired. The question should be regarded as settled, we think, that the employee's cause of action for compensation for his injury is sufficiently distinct from the cause of action given by the statute to his beneficiaries that a compromise settlement and payment of the former will not bind the beneficiaries, or affect their cause of action. Maryland Cas. Co. v. Stevens (Tex.Civ. App.) 55 S.W.(2d) 149; Texas Employers' Ins. Ass'n v. Morgan (Tex.Com.App.) 295 S.W. 588; Id. (Tex.Civ.App.) 289 S.W. 75; Oilmen's Reciprocal Ass'n v. Coe (Tex.Civ.App.) 6 S.W.(2d) 1046; Id. (Tex.Civ.App.) 29 S.W.(2d) 430; Swain v. Standard Acc. Ins. Co. (Tex.Civ.App.) 81 S.W.(2d) 258. See, also, Traders & General Ins. Co. v. Baldwin, 125 Tex. 577, 84 S.W.(2d) 439.

Section 8b, art. 8306, R.S.1925, relied upon by appellants, provides that: "In case death occurs as a result of the injury after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death." It is no doubt the theory of appellants that the payment of $1,620.22 'to Hall, the injured employee, covered such a period of incapacity that it could not be deducted from 360 weeks, the maximum recoverable for the death, and leave any balance remaining.

We had occasion to construe the above statute in the case of Oilmen's Reciprocal Ass'n v. Coe, 6 S.W.(2d) 1046, 1047, and stated our conclusion thus: "We think the statute undertakes to provide two methods for arriving at the amount of compensation to be allowed. One is to deduct the 'period of incapacity' from the total 'period of compensation.' The other is to deduct 'the benefits paid' from the 'maximum allowed for death.' One method deals with periods of time; the other with amounts paid. * * * Where, as in this case, a lump sum settlement has been made, and for a less amount than might be paid for total permanent incapacity, the amount, if any, which the beneficiary in case of death is entitled, is arrived at by deducting 'the benefits paid thereunder from the maximum allowed for the death.'" As a basis for this view the word "and" in the above statutory provision was construed as "or," to make the last clause read as if written "or the benefits paid thereunder from the maximum allowed for the death." Alexander v. State, 84 Tex.Cr.R. 75, 204 S.W. 644; Texas Employers' Ins. Ass'n v. Morgan, supra. Applying that construction of the statute here, it results that since the maximum amount of compensation allowable for the death was 360 weeks at $20 per week, or $7,200, the deduction of the former payment of $1,620.22 would leave an amount more than sufficient to permit recovery of the amount provided in the judgment rendered.

We consider next the point that there was no evidence to support the verdict of the jury wherein it was found that the alleged injury (sustained August 22, 1929) was a producing cause of the death of Frank Hall on or about November 6, 1934. If such death was caused by said

injury, that fact was one which, under the circumstances, was necessary to be established as a matter of inference from other facts. The real question, therefore, is whether as a matter of law there was a lack of evidence, as contended by appellants, of sufficient facts to warrant the inference of said ultimate fact in issue.

In considering this question, we may regard the evidence as showing without dispute that the immediate cause of Hall's death was the disease of pneumonia. There was also evidence to establish the fact that Hall's injury contributed to cause a physical condition which rendered him more than ordinarily susceptible to pneumonia. That, we think, is as far as the evidence goes. Is that insufficient, as a matter of law, to constitute any evidence that the physical condition was the cause of the pneumonia? If there be any fatal lack of evidence to support each of the causes in the chain of causes involved, it is upon this point.

After mature consideration we are forced to the conclusion that evidence, the utmost extent of the probative effect of which is to show that a physical condition existed which rendered Hall more than ordinarily susceptible to pneumonia, is no evidence that such physical condition in fact caused the pneumonia. If full effect be given to such evidence the result yet leaves the fact in issue within the realm of mere possibility—the subject of speculation or guess. We may illustrate the point thus: Suppose there had been evidence to show that at the time Hall took pneumonia there was an epidemic of pneumonia, by which the strong and healthy were being stricken the same as others. That would have shown almost conclusively that Hall's physical condition was not the cause of the pneumonia. If it be granted that positive evidence could have been produced so tending to eliminate or minimize all other possible causes as to have warranted the inference that the pneumonia was in fact caused by Hall's said physical condition, such evidence was wholly wanting. There is, therefore, absent evidence of facts to render that inference more probably correct than other possible inferences. In Houston & T. C. Ry. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 899, Judge Williams had occasion to say: "The burden being on à plaintiff to establish the defendant's negligence, it sometimes happens, especially in actions for injuries which resulted in death, that the facts adduced leave the cause of the injury unexplained, or in doubt, so that it may as well be attributed to negligence of the injured person as to that of the defendant. The plaintiff should fail, not, as seems to have been assumed in some of the older cases, of which Texas & N. O. Ry. Co. v. Crowder, 76 Tex. 499, 500, 13 S.W. 381, is a type, because he must exclude the assumption of contributory negligence of the person injured, but because he must prove that of the person sought to be charged as a proximate cause of the injury, which he does not do so long as he leaves his evidence equally consistent with either hypothesis."

A number of decisions support the proposition that if an inference consistent with the existence of a fact in issue is but equally as valid as an inference of its nonexistence, then the jury may not determine the question. Kansas City So. Ry. Co. v. Carter (Tex.Civ.App.) 166 S.W. 115; Lutgen v. Standard Oil Co., 221 Mo.App. 773, 287 S. W. 885; Houston Lighting Co. v Barnes, (Tex.Civ.App.) 152 S.W. 722; Houston, E. & W. T. Ry. Co. v. Southern Pine L. Co. (Tex.Civ.App) 38 S.W.(2d) 156; Gulf, C. & S. F. Ry. Co. v. Davis (Tex.Civ. App.) 161 S.W. 932; Salter v. Galveston, etc., Ry. Co. (Tex.Civ.App.) 285 S.W. 1112; Byerly v. Consolidated L., P. & I. Co., 130 Mo.App. 593, 109 S.W. 1065, 1067. There must be evidence to support the conclusion that the inference of the particular fact is the more reasonable. From the last-cited case we quote as follows: "Where the ultimate fact is not susceptible of direct proof, its existence must directly follow as a reasonable conclusion from its basic facts and circumstances, and it may be stated as an axiomatic rule that whenever court or jury are left by the evidence in a situation where, in order to find the ultimate fact alleged, they must piece out the facts adduced with conjecture or supposition, the plaintiff must be held to have failed in his proof. Where the evidence shows the injury might have been caused by the negligent act, but, in its aspect most favorable to plaintiff, is just as consistent with the inference that the injury might have been produced by another cause, to send the case to the jury would be to accord them the right to make an arbitrary choice between equally probable but unproved conclusions, and thus the verdict, if for the plaintiff, would be

based not entirely on evidence, but in part on mere speculation and conjecture. This would mean a reversal of the rule imposing the burden of proof on the plaintiff, since the defendant, in order to prevent the jury from making him the victim of conjecture, would be forced to assume the burden of showing that his negligence did not produce the injury."

The question here involved is very much similar to the one we considered in Metropolitan Ins. Co. v. Woody, 80 S.W.(2d) 771, 773, and wherein we reached a different conclusion regarding the existence of evidence to raise an issue. In that case we recognized the principle deemed controlling here wherein it was said: "There must exist something of which the jury could take cognizance to make the inference that the injuries resulted from the falling pipe more reasonable than that it resulted from some other cause." The fact there in evidence which was deemed sufficient to justify as the more reasonable inference that the injury resulted from the falling pipe, was a matter of common knowledge and experience, namely, the unlikelihood that two possible causes of a traumatic injury, one known and the other unknown, each sufficient to inflict it, would have occurred in the short period of one day's time. It may be conceded that very slight additional evidence in the instant case would have raised an issue of fact. It is our view that such evidence was essential and was wholly wanting.

Explanatory of the conclusion stated, it may be well to observe that our appraisal of the evidence convinces us there was no opinion evidence that Hall's condition of susceptibility was the cause of his pneumonia. Dr. Ferguson, plaintiff's witness, after having had recited to him all the facts most favorable to the plaintiff, was asked the question: " * * * would you say that injury he received to his shoulder five years ago caused him to take pneumonia and die?" He answered: "I did not say that—I said that the injury he had five years ago was a contributing factor in the cause of *those conditions that he had*." (Italics ours.) "Q. You do not attempt to tell the jury and court that if he had not been hurt in 1929 he would not have had pneumonia? A. No, I would not think of telling them that."

It would thus appear that the evidence was not deemed sufficient by this witness to warrant him in testifying that it was his opinion that the susceptibility of Hall to pneumonia was in fact the cause of the pneumonia. We cannot escape the conviction that there was no evidence to warrant the jury in inferring that such was the fact. The court should, therefore, in our opinion, have granted the appellants' motion for a peremptory instruction in their favor, and erred in overruling such motion, because of which the judgment should be reversed and rendered for appellants. It is accordingly so ordered.