**PARIS & M. P. R. CO. v. RUSSELL.**

No. 1639.

Court of Civil Appeals of Texas. Eastland.

March 12, 1937.

Rehearing Denied April 9, 1937.

Long & Wortham and E. L. Myers, all of Paris, for appellant.

Hutchison & Fisher, of Paris, for appellee.

FUNDERBURK, Justice.

T. C. (Dock) Russell brought this suit against Paris & Mt. Pleasant Railroad Company to recover the value of a mule alleged to have been struck and killed, on an unfenced portion of defendant's right of way, by a locomotive or cars running over. the railroad track. In the trial in county court upon appeal from the justice's court, the jury, to whom the case was submitted on special issues, found that the mule was injured and its death caused by being struck by the locomotive or cars of the defendant railway company while running over its road; that the right of way of defendant railroad company was not fenced where the accident occurred; that the reasonable market value of the mule was $125; and that it was necessary for plaintiff to employ an attorney for whose service a fee of $20 would be reasonable.

Defendant has appealed from the judgment rendered in accordance with that verdict.

The verdict shows that the cause of action upon which the court awarded recovery was that given by the provisions of Rev.St. 1925, art. 6402, and not ordinary common-law negligence. The statute mentioned provides: "Each railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways. * * * If said company fence its road it shall only be liable for injury resulting from a want of ordinary care."

The questions presented are: (1) Whether there was any evidence that the mule was killed by being struck by the locomotive or cars of defendant railway company while running over its road; and (2) was such evidence, if any, sufficient?

We think that construing the evidence most strongly in favor of the verdict, we are warranted in the view that there was evidence conclusively showing, or sufficient to warrant the jury in believing, these facts, namely, that on a particular Sunday the mule fell from, or was knocked from, a railway bridge twelve to sixteen feet above the ground and was found dead, lying feet bogged down in mud, on the east side, or partly under said bridge; that this happen-ed between 9 o'clock a.m. and evening of the same day; that the mule with two others ran down the track from Myers Switch south about 300 yards to the bridge and were running when they came to the bridge, upon the approach to which two went down the dump to the left and the one in question went upon the bridge. From about the third or fourth crosstie from the north end of the bridge there was blood and hair of the mule on both sides of the crossties and both sides of the rails extending about 15 or 16 feet to about the middle or two-thirds length of the bridge, at which place there was blood and hair on the left end of the crossties indicating the point where the animal went off the bridge. The mule having been buried, was partially exhumed two or three days later for identification, and its front feet dropped down indicating one or both shoulders were broken. There was hair and skin off both shoulders. Two of the three mules arrived home the same Sunday evening, a distance of four or five miles from Myers Switch.

No witness testified as a fact that the mule was struck by a locomotive. If it was so struck, that fact was necessary to be found as an inference from the other facts above detailed.

The rule is that when, in a given case, the existence, or not, of an ultimate fact issue can only be found as an inference from evidentiary facts, the party having the burden of proof upon the issue must produce evidence to warrant the jury in believing that an inference of the issuable fact is more probable or reasonable than an inference of its nonexistence. As this court has recently had occasion to say, "if an inference consistent with the existence of a fact in issue is but equally as valid as an inference of its nonexistence, then the jury may not determine the question." Texas Pac. Fid., etc., Co. v. Hall, 101 S.W.(2d) 1050, 1052, and authorities there cited.

Applying this rule to the problem here presented, the question may be said to be this: The jury having by inference found the fact to be that the mule was struck by a locomotive, did the evidentiary facts upon which that inference was based tend to show that such inference was more reasonable, or more probably correct than another possible inference as that the mule hurt itself when it ran upon the bridge and fell off?

The undisputed evidence showed that if the mule was struck by a locomotive it was

one of three which passed over the bridge the same day. The first was a motorcar going from Mt. Pleasant to Paris, which passed about 11:20 a. m. The motorman testified that his locomotive did not strike the mule. The evidence was conclusive, we think, that this motorman did not strike it. The motorman's unequivocal testimony to that effect was supported by the fact that his motor car was going north, and the blood and hair on the track was north of the place where the mule went off the bridge. ·

Next, there was a freight train going from Paris to Mt. Pleasant, passing the place in question about 2:15 p. m. Both the fireman and engineer testified as witnesses. Both testified they were looking along the track at the bridge and that they did not strike a mule. The engineer testified that he did not see a mule. The fireman testified he saw a dead mule lying on the ground under the edge of the bridge. He said he remarked, "There is a mule." The engineer, who was in the cab, said he did not hear the remark.

Lastly, there was a motorcar from Paris to Mt. Pleasant which left Paris about 3:30 p. m. The time it was scheduled to pass the place in question was not stated, but judging from the schedule of the others was somewhere around 4 p. m. The only direct evidence to show that this motorcar did not strike the mule was that of the fireman on the freight train that he saw the dead mule before. If that was true, of course the last car did not strike it.

The direct evidence to show that the mule was not struck by defendant's locomotive was not impeached or discredited, unless the testimony of the fireman that when he saw the mule he remarked, "There is a mule," was discredited by the testimony of the engineer that he did not hear such remark.

Under these circumstances, was the jury warranted from the evidence in concluding that the mule was killed by being struck by a locomotive? Or, stated differently, was there evidence to warrant the jury in believing it to be the more reasonable inference from the facts in evidence, considered most strongly in favor of the plaintiff's contention, that the mule was struck by a locomotive than the inference that the mule, in running on the bridge, which plaintiff shows it did, its feet went through between the crossties and in its struggles it left the blood and hair along the bridge for a dozen feet or more and then fell off?

We have carefully examined the statement of facts and are of the opinion that there was no evidence to favor the one inference over the other, and hence no evidence to support the verdict. The verdict, it appears, rests upon no more substantial support than a mere surmise or suspicion— at most a mere scintilla of evidence which is held to be no evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

It is, therefore, our conclusion that the trial court should have granted appellant's motion for a new trial as prayed for, and that therefore the judgment should be reversed and the cause remanded, which is accordingly so ordered.