### HART v. GULF CASUALTY CO.
No. 14464.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 15, 1943.

Rehearing Denied Feb. 19, 1943.

Rehearing Denied April 16, 1943.

Further Second Motion for Rehearing Denied March 19, 1943.

Napier & Napier, of Wichita Falls, for appellant.

John E. Green, Jr., of Houston, Carrigan, Hoffman & Carrigan, of Wichita Falls, and Peveril O. Settle, W. E. Allen, and R. E. L. Batts, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case, tried before the court without a jury upon an agreed stipulation of facts.

A. N. Hart, the employee, sustained an accidental injury on January 23, 1934. After due preliminary proceedings before the Industrial Accident Board, suit was filed in the 30th District Court of Wichita County, in which Hart claimed total and permanent disability. An agreed settlement was made of his claim for compensation, pursuant to which Hart was paid the sum of $3,375. The settlement agreement was executed by Hart, and also by his wife and children, and by Hart's attorney, who also represents the claimant in the present suit. The settlement agreement recites that the amount paid is in settlement not only of Hart's claim for compensation, but also in settlement of any claim which his wife and children might have in the event Hart should die as a result of his injuries. The judgment of the district court, in the suit mentioned, recites the fact of settlement, incorporates the written settlement agreement in the judgment, and undertakes to adjudge that the settlement agreement shall be a complete bar and estoppel against the prosecution by the wife and children of any claim which they might have in the event Hart should die as a result of his injuries.

Hart died on April 24, 1941, 378 weeks after the date he was injured. It is stipulated that the injury which Hart received was the producing cause of his death. It is agreed that his widow, the plaintiff in the present suit, is the sole beneficiary.

After due preliminary proceedings before the Industrial Accident Board, the widow brought this suit in the 78th District Court to set aside the award of the Industrial Accident Board which denied her claim, and to recover the compensation alleged to be due her as the result of the death of her husband. The trial court denied her any recovery, whereupon she appealed.

The first contention of the insurance carrier is that the release signed by Mrs. Hart, and the judgment in the former suit approving the settlement made with Hart, constitute a bar to plaintiff's recovery. This contention is overruled. At the time the settlement was made, Mrs. Hart had no claim for compensation. She had not nor could she have filed claim with

the Industrial Accident Board for the prospective death of her husband. It is the rule in this state that no settlement of a compensation claim is binding unless it is approved by the Industrial Accident Board, or by the court if an appeal has been taken to court. It is equally well settled that the court acquires no jurisdiction of the claim, either to render judgment or to approve a settlement with respect thereto, unless the claim has theretofore been filed with the Board and due appeal taken from the action of the Board. Also, it is settled that the injured employee cannot, by any settlement made with the compensation carrier, prejudice the rights of his beneficiaries with respect to the claim resulting from the death of the employee, except that the amount of recovery awarded to the beneficiaries of the deceased employee may be reduced by the amount of money paid to the employee himself pursuant to the compromise of his claim. We consider that the following decisions support our views. Texas Employers' Ins. Ass'n v. Morgan, Tex.Com.App., 295 S.W. 588; Oilmen's Reciprocal Ass'n v. Coe, Tex.Civ.App., 6 S.W.2d 1046; same case on second appeal, Oilmen's Reciprocal Ass'n v. Coe, Tex. Civ.App., 29 S.W.2d 430, writ of error refused; Traders' & General Ins. Co. v. Baldwin, Tex.Civ.App., 50 S.W.2d 863; Id., 125 Tex. 577, 84 S.W.2d 439; Maryland Casualty Co. v. Stevens, Tex.Civ.App., 55 S.W.2d 149, writ of error refused; Swain v. Standard Acc. Ins. Co., Tex.Civ.App., 81 S.W.2d 258; Id., 130 Tex. 277, 109 S.W. 2d 750; Texas Employers' Ins. Ass'n v. Miller, 137 Tex. 449, 154 S.W.2d 450.

■ The compensation carrier also calls attention to the fact that Mrs. Hart does not in her pleadings attack the judgment rendered in the former case, which undertook to bar her from prosecuting a claim for compensation in the event that her husband should die from his injuries. In view of the nature of the present suit, we believe that it was not necessary for Mrs. Hart to set aside the former judgment before prosecuting her claim for compensation. The former judgment was a nullity insofar as it undertook to decree with respect to Mrs. Hart's prospective claim for compensation.

Under one of its counter-points the insurance carrier relies upon the decision of this court in Texas Employers' Ins. Ass'n v. Watkins, Tex.Civ.App., 135 S.W.2d 296.

In that case, in which no application was made for writ of error, this court undertook to follow what it interpreted as the underlying theory of the rule announced by the Supreme Court in Texas Employers' Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W. 2d 900. In the Guidry case it was held that in a case where total incapacity resulted from an injury, the injured employee could in no event recover compensation beyond the period of 401 weeks from the date of the injury. The effect of such holding is this: If the employee is injured, but does not become incapacitated until a later date, the period for which compensation may be allowed can never be extended beyond 401 weeks from the date of injury, as distinguished from the date when the incapacity began. The result is that in such a case the employee becomes entitled to less than 401 weeks' compensation. In the Watkins case, this court was of opinion that the same rule should be applied in cases where the beneficiaries of a deceased employee claim compensation on account of the employee's death. It was accordingly held that the period for which compensation was payable to the beneficiaries terminated 360 weeks after the date of the injury, rather than 360 weeks after the death of the employee. The result of the application of such a rule in the case now on appeal would bar a recovery to the beneficiary of the deceased employee, since the employee died more than 360 weeks after receiving the injury.

Art. 8306, § 8, Vernon's Ann.Civ.St., reads as follows: "If death should result from the injury the association hereinafter created shall pay the legal beneficiaries of the deceased employé a weekly payment equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00 per week, for a period of three hundred and sixty weeks from the date of the injury."

■ The language of the above section of the statute, when read in the light of the holding in the Guidry case, appears to support the view taken by this court in the Watkins case, as just stated. We have again reviewed, however, the language of Section 8b, of Art. 8306, and certain decisions which we shall mention, and now consider that we should depart from the view taken in the Watkins case.

Art. 8306, § 8b, reads as follows: "In case death occurs as a result of the injury

after a period of total or partial incapacity, for which compensation has been paid, the period of incapacity shall be deducted from the total period of compensation and the benefits paid thereunder from the maximum allowed for the death."

The Commission of Appeals, in Texas Employers' Ins. Ass'n v. Morgan, 295 S.W. 588, cited supra, held that in a case where the injured employee settles his claim, and then dies from his injuries, the beneficiaries shall be paid 360 weeks' compensation, less the amount paid by compromise to the injured employee during his lifetime. The same rule of computation was followed by the Eastland Court of Civil Appeals in Oilmen's Reciprocal Ass'n v. Coe, 6 S.W. 2d 1046; Id., 29 S.W.2d 430, cited supra, and in Texas Pacific Fidelity & Surety Co. v. Hall, Tex.Civ.App., 101 S.W.2d 1050, writ of error dismissed. We are not certain that we can harmonize the holdings just cited with the holding in the Guidry case, nor are we sure that we can harmonize the rule that the injured employee has no power to make a settlement to the prejudice of his beneficiaries, with the rule that the amount payable to the beneficiaries shall be reduced by the amount actually paid to the injured employee by compromise.

But in view of the fact that the Commission of Appeals definitely decided, in the Morgan case, that the beneficiaries should be paid 360 weeks' compensation, less the amount actually paid to the employee in the compromise, and in view of the fact that the Supreme Court appears to have sanctioned the same rule by refusing a writ of error in the Coe case, we have concluded, notwithstanding anything suggested to the contrary by the holding in the Guidry case, to follow the Morgan and Coe cases, and not to follow the prior decision of this court in the Watkins case.

The judgment of the trial court is therefore reversed, and the cause is remanded to the trial court with instructions to render judgment in favor of the plaintiff Mrs. Hart for 360 weeks' compensation, less the amount of the settlement referred to, and to render judgment with respect to the fee of plaintiff's attorney.

## On Motion for Rehearing.

Upon further study of the record in this cause we observe that the stipulation of the parties does not cover the question of a lump sum award. In view of the decision of our Supreme Court in Texas Employers Insurance Association v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929, we have concluded that the cause should be remanded for a new trial, instead of being remanded with instructions to render judgment as was heretofore done.

Our former judgment is set aside. The judgment of the trial court is reversed, and the cause is remanded for a new trial.

Both parties are granted leave to file motions for rehearing within fifteen days after this date.

The motion for rehearing heretofore filed by appellee is overruled.

## On Second Motion for Rehearing.

Within fifteen days after our order of February 19, 1943, the appellant filed a motion for rehearing, in which she waived her plea for payment of compensation in a lump sum, and in which her attorney waived his claim for attorney's fee, and in which appellant and her attorney prayed that judgment here be rendered decreeing payment of the compensation by the week and denying her attorney judgment for attorney's fee.

Pursuant to said pleas, the former judgments heretofore entered by us are set aside, the judgment of the trial court is reversed, and judgment is now here rendered in favor of appellant against appellee for compensation for 185-1650/1938 weeks, at the agreed rate of $19.38 per week, beginning as of one week after April 24, 1941, the date of the death of the deceased employee. The accrued payments shall be paid in a lump sum, the remainder to be paid by the week as they become due. All payments past due shall bear interest at the rate of six per cent per annum from their respective due dates until paid.

Both parties are granted leave to file motions for rehearing within fifteen days after this date.

The second motion for rehearing heretofore filed by appellee is overruled.